**SCHRIBER SHEET METAL & ROOFERS, INC. v SHOOK et**
(2 Cases)

Ohio Appeals, 2nd Dist, Montgomery Co.

Nos. 1592 & 1611.   Decided Jan. 31, 1940

Jacobson & Durst, Dayton, for plaintiff.

Coolidge & Becker, Dayton, for defendant, Charles A. Shook.

Cowden & Cowden, Dayton, for defendant, General Motors Corp.

## OPINION

### By HORNBECK, PJ.

At the outset it will be necessary to set forth the situation which brought about the docketing of the cases in this court under two numbers, namely, 1592 and 1611. No. 1592 arises because of the notice of appeal given by defendant, Charles H. Shook, No. 1611 by reason of notice of appeal given by plaintiff.

Plaintiff instituted its action against defendants for declaratory judgment and equitable relief alleging that defendant, Charles H. Shook, entered into a written contract with defendant, General Motors Corporation for the construction of the Frigidaire office and Engineering building in Montgomery County, Ohio; that the contract contemplated and provided for the employment by Shook of various subcontractors to do and perform sundry parts of said construction, and established provisions governing all contracts entered into by said Shook with such various subcontractors for the doing of work on said construction.

It is further alleged that pursuant to the general contract, Shook entered into a subcontract with plaintiff for the construction of the roof of the aforesaid buildings; that during said construction, a claim was made by defendant, General Motors Corporation, against defendant, Shook, and plaintiff, that certain water damage had been done to the wood block flooring of the aforesaid building through the claimed negligence of plaintiff; that thereupon defendant, General Motors Corporation, acting upon the foregoing claimed facts, deducted $1021.13 damages from compensation due to defendant, Shook, under his contract with General Motors and that by reason thereof defendant, Shook, deducted a similar amount from monies due plaintiff from Shook for plaintiff's work under his subcontract.

It is further averred that plaintiff is in nowise responsible for said claimed water damage to aforesaid flooring and in nowise negligent with respect thereto and that the deduction of $1021.13 by

defendant, General Motors from Shook and by Shook from plaintiff was not justified under the contracts before mentioned; that by reason of the foregoing facts plaintiff is interested under the contract between the defendant, General Motors, and defendant, Shook, and that its rights and status are affected by said contract and the aforesaid actions and conduct of defendant, General Motors, and that the contract should be construed by this court to determine the propriety of said deduction.

The prayer of the petition is for declaratory judgment defining and declaring the rights of parties under the contracts aforesaid; and defining and declaring the propriety or impropriety of the deduction of $1021.13 and for such other and further relief as the case may require.

To this petition the defendant, General Motors, interposed a demurrer consisting of 3 branches,

(1) The petition does not state facts which show a cause of action for declaratory judgment.

(2) Petition does not state facts which show a cause of action against defendant, General Motors Corporation.

(3) There is a misjoinder of General Motors Corporation as a party defendant.

Subsequent to the filing of this demurrer, defendant, Charles Shook, filed his answer and cross-petition.

In his answer he subsequently admits the averments of the petition as to the status of the parties under the contracts pleaded in the petition and the deduction by General Motors Corporation from the amount due him under his contract and admits that he deducted a like amount from the amount due plaintiff under its subcontract with him. He further avers that he is without knowledge as to the person or persons responsible for the damage claimed or as to any negligence with respect thereto and says that these matters were determined by defendant, General Motors and the architects without consulting defendant, Shook. By way of cross-petition defendant, Shook, adopts the admissions, denials and allegations of his answer and avers that there is due him from his co-defendant, General Motors, the sum of $1021.13 under his general contract with said corporation for the construction of the building set forth in the petition. He avers that his co-defendant had withheld from him on account of damage alleged to have been caused by plaintiff during the construction of the roof on the aforesaid buildings said sum of $1021.13 and that under the terms of the agreement between defendant, Shook, and plaintiff, plaintiff undertook to perform all of the roofing work on the aforesaid buildings in accord with and to the extent required by all of the contract documents existing between defendant, General Motors, and defendant, Shook. He avers that if he is liable to defendant, General Motors, plaintiff is likewise liable to him for the aforesaid damage.

Defendant further avers that there is a real controversy among the parties to the action involving the cost of and responsibility for such damage; that the same can be completely adjudicated in the action without expense and inconvenience of a multiplicity of suits.

The prayer of the cross-petition is substantially the same as that of the petition. To the cross-petition, defendant, General Motors, interposed a demurrer upon the same grounds set forth in its demurrer to the petition. Thereafter defendant, Shook, moved the court for permission to withdraw his cross-petition and that it be docketed and proceed without process pursuant to §11337, GC.

It appears that after the filing of the cross-petition summons was issued and duly served upon defendant, General Motors Corporation.

The demurrer of said corporation to the cross-petition of defendant, Shook, was sustained and the motion of said defendant to withdraw his cross-petition and that it be docketed and proceed without process was overruled. The court adjudged that the cross-petition

**262**

of defendant, Shook, should be dismissed and costs assessed against him. It is to this action of the trial judge that the appeal of defendant, Charles H. Shook, is directed under case No. 1592.

The transcript of docket and journal entries in case No. 1611 is made up in all particulars of the same pleadings, entries, etc., as are carried under case No. 1592, up to and including August 7, 1939, which is the notice of appeal filed by defendant, Charles H. Shook, and under date of September 29, 1939 an entry is filed sustaining the demurrer of defandant, General Motors, to the petition of plaintiff and dismissing plaintiff's petition and assessing the costs against him. From this order the plaintiff gives notice of appeal which is case No. 1611.

The court assigned as reasons for sustaining the demurrers of defendant, General Motors, to the petition and cross-petition that,

"There is no privity of contract or jural relation between the plaintiff and General Motors Corporation."

and in sustaining the demurrer to the cross-petition assigned the reason heretofore stated and further that,

"The cross-petition is not the proper subject of a set off or counter claim within the meaning of §§11317 and 11319, GC."

The assignments of error in both cases require consideration of the same questions to a certain extent, although, the court found more reasons for the sustaining of the demurrer to the petition than for the same action as to the cross-petition. The court reached a common conclusion as to both the petition and the cross-petition, namely, that neither stated facts which showed a cause of action against the defendant, General Motors Corporation.

We will endeavor to consider the general questions presented by the appeal and later make determination as to the respective rights of the parties.

At the ouset counsel for the parties differ in the right of one to invoke the declaratory judgment act if he has an adequate remedy at law. Counsel for General Motors cites and discusses **Eiffel Realty & Investment Co. v Ohio Citizens Trust Company, et, 55 Oh Ap 1,** wherein the court expressly held that a proceeding for declaratory judgment is not a substitute or alternative for the common law or statutory actions existing when the Uniform Declaratory Judgments Act was adopted. Following this decision, in **Pearson v Pearson, 26 Abs 485,** this court held contrary to the Lucas County Court of Appeals in the Eiffel Realty Company case and to effect that a party was not precluded from invoking the benefits of the act because he had an adequate remedy at law. This case was dismissed before hearing in the Supreme Court after we had certified that our judgment was in conflict with the judgment of the court in Eiffel Realty Co. v Ohio Citizens Trust Co., et al, supra. In the Eiffel Realty Company case there was a strong dissent by Taylor, J. and in the Pearson case Geiger J. concurred only in the judgment. More recently the case of **Schaeffer v First National Bank, 134 Oh St 511,** was considered and decided. Appellee insists that the court in supporting the right of Schaeffer to declaratory judgment did not hold that Schaeffer was employing his form of action at a time when he had any other remedy available to him. We do not so read the Schaeffer case and believe that it is settled to the contrary in the 3rd proposition of the syllabus,

"3. An action for a declaratory judgment may be alternative to other remedies in those cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the uniform declaratory judgments act and a real controversy between adverse parties exists which is justiciable in character and speedy relief is necessary to the preservation of rights that may be otherwise inmpaired or lost."

In this case, Schaeffer clearly had available to him the equitable remedy of cancellation of the note which the bank held against him and for an order that it be surrendered to him. Judge Williams in the opinion at page 518 says,

"The query has been raised as to whether the Uniform Declaratory Judgments Act is an alternative remedy. Surely it is not alternative in the sense that the action always lies even though there may be ground for full relief in equity or a suit at law may be maintained. But it is certainly alternative in the sense that it lies notwithstanding another remedy is available, in all those cases in which there is a real controversy between adverse parties in a matter that is justiciable and the court, in the exercise of a sound discretion, finds that speedy relief is necessary to the preservation of rights which might otherwise be impaired or lost. If the remedy through a declaratory judgment does not at least in part fill the gap between law and equity there would be little purpose in enacting the statutes providing for such procedure."

We are satisfied then that this case cannot be resolved against the right of plaintiff and co-defendant to the relief sought upon any theory that either, or both of them, has an adequate remedy at law. This is the viewpoint that the trial judge took of this question.

The discretionary right of the court is not involved as the judgments are predicated on the rulings on the demurrers.

The Common Pleas Court held that the demurrers should be sustained because there was no privity of contract between the plaintiff and the defendant, General Motors, nor between the defendant, Shook and his co-defendant, General Motors.

The only privity of contract which can be urged between plaintiff and General Motors is that in the general contract between plaintiff and Shook it was provided that Shook should employ various subcontractors and establish provisions governing all contracts entered into by him with subcontractors. This, in our judgment, is not sufficient to establish any contractual right in the plaintiff, a subcontractor of Shook, as against the defendant, General Motors Corporation upon the facts appearing in the petition.

What, then, of the relationship between defendant, Shook, and his co-defendant, General Motors? Here clearly there was immediate contractual relation between Shook, the contractor, and his co-defendants, General Motors. There were mutual duties and obligations arising out of this contract. Each of the partities was liable to the other for its breach. If Shook failed to perform any of the obligations enjoined upon him as general contractor and thereby the damage to the floor of the Frigidaire office and Engineering building resulted, he would be answerable to General Motors. On the other hand, if not responsible for the damage and Shook thereby improperly withheld money due plaintiff he would be liable to plaintiff for a breach of his obligation to fully pay the contract price. So that, we have no doubt that there is such privity of contract between defendant, Shook, and his co-defendant, General Motors, as would support an action to declare their rights under their contract but this alone will not justify the reversal of the action of the court in sustaining the demurrer to the cross-petition if Shook had not the right to assert his claim against his co-defendant by way of cross-petition in the action instituted by the plaintiff.

The more difficult proposition for consideration is whether or not the Declaratory Judgments Act enlarges the right to join parties. If not, we are unable to say that defendant General Motors can be held to answer to the petition or to the cross-petition of its co-defendant.

The action of the plaintiff is predicated upon its contract with the defendant, Shook. Its right to relief because of the withholding of money by Shook, which otherwise would have been due

it, is grounded upon the contractual relation between these parties as to which defendant General Motors is a stranger. Likewise, the right of Shook to any relief against General Motors because of its withholding money due Shook because of a default of plaintiff arises solely because of the contract between Shook and General Motors as to which the plaintiff is a stranger. In this situation, we are satisfied that independent of the Declaratory Judgments Act, General Motors would not be a proper party to the petition, nor is the claim of Shook against General Motors properly set up as a counter claim in the action. Shook asserts some of the averments of the petition, but does not say, nor may it be inferred that there is any controversy between Shook and General Motors as to the construction of the contract between them. The Declaratory Judgments Act contemplates that before a court shall act thereunder there appears an adversary relationship.

So that, we are satisfied that the trial court was correct in the conclusion that the demurrers should have been sustained, unless the Declaratory Judgments Act has enlarged our procedure as relates to the joinder of parties defendants. An examination of the language of a part of the act will be helpful.

Sec. 12102-11 of the Act further provides:

"When declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration."

Counsel for defendant Shook asserts that "affected" has reference to one who is practically affected rather than legally affected, and that as one can not be legally bound unless he is a party it was contemplated that any one practically affected should be made a party. Although the question is new it is our judgment that the section is in accord with the general policy of the law that those persons only who are legally affected are proper parties to a law suit.

It is urged that the claim of Shook is properly set up as a counterclaim under §11317 GC because it is connected with the subject of action. We doubt if upon any view of Shook's claim, it is a counterclaim against his co-defendant. As we have heretofore stated, he does not assert that General Motors wrongfully or improperly or in violation of its contract withheld any money from him. The only averment from which such inference could possibly be drawn is to effect that there is due Shook from General Motors a certain stated sum of money. The cross-petition asserts that if General Motors had the right to withhold the money from Shook he in turn had a right to withhold it from the plaintiff, but this is not equivalent to an averment that in no situation did General Motors have the right to withhold the sum of money representative of that which it cost to make good the damage to the floor of the Engineering Building nor that the sum so withheld was excessive. The cross-petition of Shook in the last analysis is but a reiteration of a desire to have the controversy which plaintiff has with Shook determined by declaratory judgment.

As early as 12 **Ohio 304**, in **Moore v Gano & Thoms**, Reed, J., in the opinion said:

"In actions at law, upon written contracts, the party to sue is the one in whom the contract vests the legal interest; and the parties to be sued are those upon whom it imposes the legal liability. The contract itself determines the legal rights and liabilities of the parties, and confers the legal right of recovery."

It is true that the whole controversy arises because of the damage to the Engineering Building floor, but the respective rights of the parties grow out of separate and distinct contracts, and upon separate and distinct causes of action.

The quotation from Borchard, Declatory Judgments, p. 23, carried in the brief of counsel for General Motors, is germane to our inquiry:

"At the ouset, it may be remarked that in form it (action under declaratory judgments) differs in no essential respect from any other action, except that the prayer for relief does not seek execution or performance from the defendant or opposing party. It seeks only a final determination, adjudication, ruling or judgment from the court, but the conditions of the usual action, procedural and substantive, must always be present, namely, the competence or jurisdicition of the court over parties and subject matter, the capacity of the parties to sue and be sued, the adoption of the usual forms of conducting judicial proceedings, the existence of operative facts justifying the judicial declaration of the legal consequences, the assertion against an interested party of rights capable of judicial protection, and a sufficient legal interest in the moving party to entitle him to invoke a judgment in his behalf."

We appreciate that it would be desirable to adjudge the rights of all the parties to this action in one proceeding. The Ohio Bar Association in recent years discussed the adoption of the Federal rules of procedure, which may have enabled parties to accomplish in one action that which plaintiff and his codefendant Shook desire here. This movement initiated by the Ohio Bar took the form of a Bill which was introduced in the Ohio Legislature, but did not become a law. Sub House Bill No. 54, 93rd General Assembly.

The case which most nearly supports the theory of appellant is that of Alfred E. Joy Co. v New Amsterdam Casualty Co., et, 98 Conn, 794. The Court there supported a declaratory judgment among parties similarly situated to the parties in this case and held that it had authority to adjudge rights very like unto those asserted here. However, it must be noted that at no time was objection interposed to the action upon the grounds asserted here, and the court's attention was not expressly directed to them. It also clearly appears that there were mechanics' liens asserted as to which the Court had full authority to make determination as they might affect not only the principal contractor, but the owner.

It is further asserted by counsel for defendant Shook that if the court did not err in sustaining the demurrer to the cross-petition, that it improperly refused his motion to re-docket his action and permit it to proceed without further process. This motion was interposed by virtue of §11337 GC:

"At any time before the final submission of a cause, on motion of the defendant the Court may allow counterclaim or set-off to be withdrawn, and it may become the subject of another action. On motion of either party, to be made at the time such counterclaim or set-off is withdrawn, an action on it shall be docketed and proceeded in without process * * *."

The Court took the view that inasmuch as the cross-petition did not constitute a counterclaim, that the section did not authorize its re-docketing. We believe this conclusion is sound for the simple reason that the statute is definite and permits and authorizes the action therein set out only as affects a counterclaim or set-off.

We have examined **Hoyt v Heister, 7 Ohio Dec. Re. 420,** and **Williams v Ederer, 18 O. C. C. (N.S.) 515,** which do lend some support to the claim of counsel for Shook. However, if we follow their theory we must read the words, counterclaim and set-off out of the section and authorize the pleading of defendant Shook, which is not a counterclaim or a set-off, to be re-filed and the cause to proceed without process.

Although we are not free from considerable doubt as to our conclusions on this appeal, it is our belief that the trial judge was correct in all the orders challenged by the appellants.

The judgments will be affirmed.

GEIGER & BARNES, JJ., concur.