## AMERICAN LIFE & ACCIDENT INSURANCE COMPANY OF KENTUCKY, Plaintiff-Appellee, v. JONES, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4124.   Decided October 27, 1948.

Wright, Harlor, Purpus, Morris & Arnold, Columbus, for plaintiff-appellee.

## 162

Hugh S. Jenkins, Atty. Genl., John M. Woy, M. L. Schellinger and Roland B. Lee, Asst. Attys. Genl., Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law and fact appeal from the Court of Common Pleas of Franklin County, Ohio. The action was brought by the American Life & Accident Insurance Company of Kentucky against the Administrator of the Bureau of Unemployment Compensation of Ohio for a declaratory judgment, finding that the agents of the plaintiff, who solicit applications for insurance and collect premiums, are not in "employment" within the meaning of the provisions of §1345-1 et seq GC. By way of further relief the plaintiff seeks an order directing that the contributions which it was required to make for these agents for the years 1940 to 1946 (half year) be refunded to it.

To the petition the defendants filed a demurrer which was overruled by the trial court and we think properly so. The defendant is contending that this action does not lie because the appeal procedure provided by §1345-4-(c)-4-(G) is not only equally serviceable but is also exclusive. An examination of the petition discloses that the object of this action is to obtain a construction of the Unemployment Compensation Act and the relief sought as to refund of contributions previously paid is collateral and incidental to the main issue. The relief sought cannot be denied for the sole reason that the act provides for another remedy which is equally serviceable.

In the case of **Schaefer v. First National Bank of Findlay, 134 Oh St 511,** the Ohio rule is stated as follows:

"An action for a declaratory judgment may be alternative to other remedies in those cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the Uniform Declaratory Judgments Act and a

real controversy between adverse parties exists which is justiciable in character and speedy relief is necessary to the preservation of rights that may otherwise be impaired or lost."

This rule has been followed by this Court in **Schriber Sheet Metal & Roofers, Inc. v. Shook, et al., 31 Abs 259,** and was reiterated by the Supreme Court in **Radaszewski v. Keating, et al., 141 Oh St 489.**

Borchard on Declaratory Judgments (Second Ed.) at page 302 says:

"As already observed, however, it is wrong for courts to decline a declaration on the mere ground that another remedy was available, for declaratory relief was not intended to be the exclusive or extraordinary, but alternative and optional."

Counsel for the defendant has cited the case of **The Ohio Farmers Ins. Co., et al., v. Heisel, et al., 143 Oh St 519,** where it was held that,

"An insurer may not obtain a declaratory judgment with reference to its insurance policy when no question of construction or validity thereof is raised."

The case involved a factual issue of whether or not a person was driving an automobile with the permission of the insured, and presented no question of construction of the insurance policy. Here, however, the plaintiff is seeking to have determined the status of its agents under the Employment Compensation Act which presents not an issue of fact but a question of construction of the act.

The defendant is further contending that since the State of Ohio cannot be sued without its express consent, a declaratory judgment will not lie against the State. This, however, is not an action against the State of Ohio, but is against Charles H. Jones, Administrator of the Bureau of Unemployment Compensation, wherein his successors in office have been substituted as defendants. It is a suit against an individual seeking to have a declaration of rights under the act and to prevent that individual from assessing contributions in excess of his power and in violation of the statute. The applicable rule is well stated in **37 O. Jur., 268, Sec. 44** as follows:

"* * * The rule does not, however, afford immunity to an officer where the action is for relief against statutes claimed

to be unconstitutional, or where suit is instituted against him to compel performance of a duty required of him by statute. Where the act that a state officer threatens to do is in violation of a statute, or in excess of his powers, equitable relief may be had. Such a suit is not an action against the state but against the individual."

Likewise Professor Borchard in his treatise previously referred to, at page 966 says:

"* * * The declaratory judgment has become a convenient method of testing the propriety, validity, or constitutionality of administrative action."

We, therefore, hold that the action is maintainable.

Proceeding next to the merits of the action, the record discloses that the agents whose status is in issue in this case are known as debit agents or solicitors. These agents were and are engaged in soliciting applications for industrial life insurance, collecting premiums, servicing policies and adjusting policy claims. Each agent is given a list of policyholders in a certain territory and it is his duty to collect premiums as they become due, which generally is weekly. The only compensation the agent receives from the company for his services is by way of commissions, the commission being 20 percent of the amount of premiums collected plus 20 times the net increase of weekly premiums from new business written by them. The compensation depended upon the time and effort expended and also upon the number of accounts turned over to the agent for collection. The company entered into no written contract with the agents. It had no regulations, rules or requirements with regard to how, when or whom the agents solicit for new business. They have no fixed hours of service, devoting as much time to their work as they may deem advisable, the company being interested only in results obtained. The question here presented is whether or not under this state of facts the agents are employees under the Workmen's Compensation Act. **Sec. 1345-1-c-D GC** provides:

"The term employment shall not include:
* * *

(7) Service performed by an individual for one or more principals who is compensated on a commission basis, and who in the performance of the work is master of his own time and efforts, and whose remuneration is wholly dependent on the amount of effort he chooses to expend."

The term 'employment' is defined by §1345-1-c GC as follows:

"The term 'employment' means service performed for wages under any contract of hire, written or oral, express or implied, including service performed in interstate commerce and service performed by an officer of a corporation, without regard to whether such service is executive, managerial or manual in nature, and without regard to whether such officer is a stockholder or a member of the board of directors of the corporation."

It will be observed that there are three requirements specified by the statute to come within the exemption as defined by paragraph 7, supra:

1. Compensation on a commission basis;
2. The individual is master of his own time and efforts; and
3. The remuneration is wholly dependent on the amount of effort expended.

There is no denial of the fact that compensation was on a commission basis and therefore the first requirement is met. We are of the opinion, however, that the second and third requirements as stated above are not met by the facts as presented. We think that the record does not show that the agent was master of his own time and efforts. It is true that the agents were free to exercise their own individual time, methods and ingenuity in collections and in obtaining new business. However, the company in some ways exercised a very rigid control. The debit accounts turned over to these agents were strictly limited by the company, and were subject to the absolute control of the company. The debit account could be enlarged or diminished at any time, and could be taken away entirely if the company saw fit. The agents, while not told in detail how to collect, certainly had to make debit collections or make satisfactory reports or they would no longer work for the company. To exercise control over an employee does not mean that the employer has to stand over him and direct every move that he makes. Because an employee is given an opportunity to exercise his own faculties in the business of the employer does not take away the fact that he is an employee or make him an independent contractor. These men were controlled as to territory and to some extent as to time, because they could be discharged if the collections were not timely made. Their earnings, likewise, were controlled by the company to some extent by the size

of the debit account turned over to them. A case which seems to be on all fours with the case at bar is that of Atlantic Coast Life Insurance Co. v. U. S. D. C. of U. S. (S. C.) 76 Fed. Sup. 627. In this case under a similar state of facts the Court held that the agents were not masters of their own time and efforts and that the remuneration was not wholly dependent upon the amount of effort expended. We therefore hold that the agents referred to in the petition do not come within the exemption enumerated in §1345-1-c-D GC, are employees and come within the provisions of the Act. The application for further relief is denied.

WISEMAN, PJ, concurs and HORNBECK, J, dissents.