OPINION
Plaintiff-Appellee, Lloyd E. Shoemaker, was elected to the Piqua City Commission on November 2, 1999. Thereafter, nine electors of the City of Piqua caused complaints to be filed with the Piqua City Commission. The complaints alleged that Shoemaker had exceeded the three hundred dollar cap imposed by Section 115(B) of the Piqua City Charter on expenditures by City Commission candidates. Pursuant to Section 115(C) of the Charter, the City Commission appointed a five-member committee to investigate.
Shoemaker commenced the action underlying this appeal on December 17, 1999. Shoemaker asked the court of common pleas to declare Section 115(B) of the Piqua City Charter unconstitutional. He also asked the court to enjoin the Piqua City Commission from investigating the complaints against him. The Defendants named in the action were the city of Piqua, five other city commissioners, and the city manager.
The court granted a temporary injunction, ex parte, on Shoemaker's request. Without first filing an answer or other responsive pleading pursuant to Civ.R. 7(A), the City of Piqua asked the court to join as defendants in the declaratory judgment action the nine individuals who had caused the complaints against Shoemaker to be filed with the City.
The court granted the City's joinder request. Inasmuch as no defendant had yet filed a responsive pleading, the court granted Plaintiff Shoemaker leave to file an amended complaint pursuant to Civ.R. 15(A) joining those nine persons as defendants. Shoemaker filed an Amended Complaint on January 6, 2000, joining the nine additional defendants. Among those were Defendants-Appellants herein, Walter and Barbara Stephan, Ronald and Rebecca Hines and Joseph C. Goetz.
The nine additional defendants were duly served with summons and complaint. Two of those defendants, who are not parties to this appeal, moved to dismiss the action as to them pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. The court denied their motions, but further stated that it would dismiss the complaint as to any of the nine defendants who stated in writing to the court that they did not wish to exercise their right to participate in the proceeding. Four of the defendants did, and were dismissed as defendants by the court. The five Defendants-Appellants herein did not waive their right in the manner the court had indicated.
In due course Defendants-Appellants moved for summary judgment, arguing that no justiciable controversy existed between them and Plaintiff Shoemaker or the City of Piqua that the court could adjudicate. The court denied their motions, finding that having filed their complaints with the City Defendants-Appellants had a claim or interest which, pursuant to R.C. 2721.12, permits or requires their joinder in the action that Shoemaker had brought.
On May 26, 2000, the trial court by judgment entry found Section 115(B) of the Piqua City Charter unconstitutional and enjoined the City, permanently, from enforcing the provision. On May 31, 2000, Plaintiff-Appellee Shoemaker dismissed his action as to the other parties defendant. Timely notices of appeal by Defendants-Appellants herein were filed by Walter and Barbara Stephan and Ronald and Rebecca Hines (Case No. 00CA32) and by Joseph C. Goetz (Case No. 00CA37). The two appeals were consolidated in this proceeding.
 I.
The first assignment of error in Case No. 00CA32 (Stephan/Hines) and the first and third assignments of error in Case No. 00CA37 (Goetz) present the same claim: that the trial court erred when it joined Defendants-Appellants as parties or allowed them to be joined and when it denied their motions for summary judgment because no justiciable controversy was before the court to which they properly were parties.
Declaratory judgment actions are governed by R.C. Chapter 2721. R.C.2721.02 authorizes courts of record to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." R.C. 2721.12 states:
 When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard. In any proceeding which involves the validity of a township resolution, the township shall be made a party and shall be heard.
 The requirements imposed by R.C. 2721.12 are jurisdictional. City of Cincinnati v. Whitman (1975), 44 Ohio St.2d 58. Its purpose is to prevent prejudice to the rights of persons who are not before the court resulting from a declaration that the court makes and/or any relief that it orders. Therefore, when in an action for declaratory judgment it becomes apparent that not all interested persons have been made parties, the party seeking relief should be permitted to join the absent party by amending its pleading in accordance with Civ.R. 15. Plumbers Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Education (1999), 86 Ohio St.3d 318.
The trial court proceeded correctly when, on the basis of the joinder motion that the City of Piqua had filed, the court permitted Plaintiff-Appellee Shoemaker to amend his complaint for declaratory judgment to join Defendants-Appellants as parties. Id. They argue that the court erred, nevertheless, because they were not interested persons who must be made parties pursuant to R.C. 2721.12.
R.C. 2721.02 refers to "rights, status, or other legal relations" as the subject of the court's declaratory powers. The scope of this charge does not extend to any and all persons who are practically affected bythe controversy involved, but only to those persons who are legallyaffected. Schriber Sheet Metal Roofers, Inc. v. Shook (1940),64 Ohio App. 276. The trial court found that test was satisfied because "if the plaintiff's (Shoemaker's) position on the declaratory judgment action is sustained, it will change something the Defendants have been permitted by law to do; that is, to file a verified charge alleging a violation of Section 115 of the Piqua Charter." (Entry, April 26, 2000).
In Wadsworth v. Ottawa County Board of Education (1958),108 Ohio App. 246, competing petitions were filed with a school boardconcerning consolidation of school districts. An elector who had signedthe petition that was filed first in time asked the court to declare thatthe board was required to place the issue that petition presented on theballot before it certified the second petition to the ballot. Thequestion was whether persons who had signed the second petition werelegally affected by the controversy so as to require their joinderpursuant to R.C. 2721.12. The appellate court held that their joinderwas required, finding that the second group was legally interested in the action that the first group had filed because the court was required to determine what priority, if any, one group's petition had over the other.
In Huber v. Village of Richmond Heights (1954), 68 L.Abs. 470, 121 N.E.2d 457, property owners asked the court to declare a local ordinance governing dedication and maintenance of roads invalid. The municipality was a party defendant. It objected that other persons who own property in the subdivision affected had to be joined because they were legally interested. The court held that joinder was unnecessary because the defendant municipality is an "entity (which) embraces all property within, owners thereof, as well as all residents and citizens of the village." 121 N.E.2d, at 458.
The City of Piqua is a corporate body politic. It is an entity whose legal interests embrace the protection and preservation of the political rights which its Charter confers on the citizens of Piqua. The City is fully competent, and indeed expected, to respond legally to any challenge to those rights.
Shoemaker's complaint for declaratory judgment challenged the power of the citizens of Piqua to use their Charter to limit campaign expenditures by candidates. That challenge required the court to determine whether the Charter provisions violated Shoemaker's First Amendment rights. It did not require the court to decide whether Shoemaker had violated the Charter's campaign expenditure limit.
Any interests that Defendant-Appellants had in the declaratory judgmentaction that Shoemaker brought were collateral to the issues the court wasrequired to decide. Further, Defendants-Appellants' interests, as thecourt identified them, were political in nature, not legal. At most, the effect of the court's decision might nullify the political right Defendants-Appellants and every other citizen of Piqua had to complain of Charter violations. However, neither those political rights nor their exercise by Defendants-Appellants in this instance were matters which Shoemaker's action required the court to determine or declare.
The declaration Shoemaker asked the court to make could impose no form of legal liability on Defendants-Appellants. Therefore, Defendants-Appellants were not, by virtue of having exercised those particular political rights, persons whose joinder in the action as defendants was required by R.C. 2721.12.
The lack of any justiciable legal interest in the action before the court on the part of Defendants-Appellants is apparent from the central argument the City of Piqua presented in support of its joinder motion. The City stated:
 "To provide for a vigorous debate between opposing advocates will assure the electors of Piqua that, prior to any final determination, this Court will have received the full benefit of the legal arguments asserted in support of both sides of this controversy. The current defendants in this case may not be able to defend the constitutionality of Charter Section 115 with the tenacity required to satisfy the Piqua electors that both viewpoints were fully presented to this Court prior to its decision."
 The controversy to which the City referred was a political controversy; whether the City of Piqua should impose campaign spending limits on candidates for the City Commission and whether Shoemaker should lose his right of office for violating them. Such questions must ultimately be determined at the ballot box, not in court. Nevertheless, the court could, and properly did, determine whether Shoemaker's First Amendment rights, which are rights in law, were abridged by the political choices the City of Piqua had made. The two issues are fundamentally distinct.
We find that the trial court erred when it held that Defendants-Appellants joinder in the action before it was required by R.C. 2721.12. However, we cannot find that they were aggrieved in that regard by the final order from which the appeal was taken.
The appellate power of this court is limited to affirming, reversing, vacating, or modifying final orders and judgments of the trial courts. Article IV, Ohio Constitution, Section 3(B)(2). The relief the trial court ordered imposes a burden on the City of Piqua, not on Defendants-Appellants, and Shoemaker subsequently dismissed his action as to them. Any order that this court enters reversing, vacating, or modifying that order cannot in any way relieve Defendants-Appellants of any prejudice to them which that final order creates. Therefore, the issue presented is moot. The assignments of error to which the foregoing discussion is addressed are, therefore, overruled.
 II.
The second assignment of error in Case No. 00CA37 (Goetz) argues that the trial court erred when it granted protective orders concerning discovery which Defendant-Appellant Goetz had requested. The court granted no protective orders. It merely continued discovery until after Shoemaker's First Amendment challenge was resolved. That resolution rendered any need for discovery moot. For the reasons stated above, we cannot find that Defendant-Appellant Goetz was prejudiced by the court's ruling. The assignment of error is overruled.
 III.
The second assignment of error in Case No. 00CA32 (Stephan/Hines) states that the trial court erred when it failed to grant the sanctions that those Defendants-Appellants had requested. The sanctions would apply to the City of Piqua, on account of its motion to join Defendants-Appellants which was successful. The trial court denied Defendants-Appellants' subsequent motion for sanctions on a finding that their joinder was proper per R.C. 2721.12. That finding was erroneous, for the reasons explained above. Therefore, the issue of sanctions remains open.
In support of their motion, Defendants-Appellants argued that the City, in moving to join them, had attempted to transfer its cost of defending the constitutionality of its Charter provisions to them. They suggest that it was also the City's purpose to annoy, embarrass, or inconvenience them for the action they took in filing complaints with the City concerning Shoemaker's election campaign.
The City's claim that joinder was required because the City itself might not vigorously defend Shoemaker's constitutional challenge was misplaced, though perhaps not wholly inaccurate. A certain affinity existed between Shoemaker's interests and those of the City, one in which Defendants-Appellants did not share. That does not make their joinder proper, but neither does it demonstrate that the City's request was either frivolous or malicious. In any event, and even though service of the summons and complaint on them might have caused these Defendants-Appellants some measure of anxiety, as they claim, their failure to avail themselves of the opportunity the court offered them to opt-out of the litigation undermines their argument that sanctions were merited.
The assignment of error is overruled.
 Conclusion Having overruled the assignments of error presented, we will affirm thejudgment from which this appeal was taken.
WOLFF, J. and FAIN, J., concur.