OPINION
{¶ 1} This case is before us on the appeal of Nickles Bakery, Inc. and United States Fidelity and Guaranty Co. (Nickles, U.S.F.G. and/or Appellants) from a trial court decision granting a motion to dismiss Nickles and U.S.F.G. as parties from two pending declaratory judgment actions. The declaratory judgment actions were filed after an explosion on June 23, 1998, when an employee of Consolidated Equipment Co. (Consolidated) was servicing an oil burner on a commercial oven at Nickles. At the time of the explosion, U.S.F.G. insured Nickles, and paid $760,000 for damage to the oven. Nickles also suffered $145,000 in uninsured losses. As a result, both Nickles and U.S.F.G. filed a complaint against Consolidated for the damages.
 {¶ 2} Cincinnati Insurance Company (CIC) insured Consolidated. When a dispute over coverage arose, Consolidated filed a complaint for declaratory judgment against CIC, Nickles, and U.S.F.G. CIC also filed a separate declaratory judgment complaint against Consolidated, but did not include Nickles and U.S.F.G. as parties. However, Consolidated filed a third party complaint in CIC's action, and again included Nickles and U.S.F.G., this time as third-party defendants. The two actions were consolidated, and CIC then filed a motion, asking the trial court to dismiss Nickles and U.S.F.G. as parties. On June 5, 2001, the trial court granted the motion and dismissed Nickles and U.S.F.G. as parties. The court later filed an entry granting summary judgment to CIC on the coverage issues. Consolidated did not appeal from the summary judgment decision. However, Nickles and U.S.F.G. filed an appeal from the entry dismissing them as parties, and now raise the following assignments of error:
 {¶ 3} The trial court erred as a matter of law in interpreting that injured parties, Nickles Bakery, Inc. and the United States Fidelity and Guaranty Co., were not entities pursuant to Ohio Rev. Code Ann. § 2721.12(A) that had "any interest that would be affected" by a declaratory judgment action between the tortfeasor and the tortfeasor's insurance carrier regarding disputes over liability insurance coverage for the injuries claimed in the underlying litigation.
 {¶ 4} Based on its erroneous finding, the trial court erred when it granted the Motion to Drop Nickles Bakery, Inc. and the United States Fidelity and Guaranty Co., thereby dismissing them from the declaratory judgment action in which they have an interest that would be affected by the declaratory judgment.
 {¶ 5} After reviewing applicable law and the record, we find that both assignments of error have merit. Accordingly, the trial court judgment will be reversed, and this matter will be remanded for further proceedings.
 {¶ 6} I
 {¶ 7} In the first assignment of error, Appellants contend that they are required under R.C. 2721.12 to be made parties to the declaratory judgment action because they have "any interest" that would be "affected" by the declaratory judgment action. R.C. 2721.03 authorizes actions for declaratory relief. In pertinent part, this statute provides that:
 {¶ 8} "any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a * * * contract * * * may have determined any question of construction or validity arising under the instrument, [or] contract, * * * and obtain a declaration of rights, status, or other legal relations under it."
 {¶ 9} R.C. 2721.12(A) further says that: "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." This section and its predecessor have been interpreted as requiring that "a real justiciable controversy exists between adverse parties, and speedy relief is necessary to the preservation of rights which may otherwise be impaired or lost." American Life Acc. Ins. Co. of Ky. v. Jones (1949),152 Ohio St. 287, paragraph two of the syllabus.
 {¶ 10} Admittedly, a justiciable controversy exists between CIC (the insurer) and Consolidated (the insured). However, the issue is whether Appellants, as an injured tort claimant and its subrogated insurer, have an interest such that they should be included as parties.
 {¶ 11} Appellants contend that they have an interest in the controversy and are proper parties because their ability to proceed in the underlying litigation will be affected by the outcome of the declaratory judgment action. In particular, they point out that under 1999 amendments to the Declaratory Judgment Act, they will be legally bound by the declaratory judgment results. In contrast, CIC says that tort claimants lack a sufficient interest in a tortfeasor's insurance policy before a judgment is obtained against the insured tortfeasor, i.e., CIC argues that a claimant's interest in coverage controversies is practical rather than legal.
 {¶ 12} Before we address these issues, we should note that the procedural posture of this case makes a difference. Specifically, this case does not involve a direct action by a tort claimant against the tortfeasor's insurer. In the early 1990's, the Ohio Supreme Court approved direct actions by injured claimants to determine a liability insurer's obligation to indemnify. See Krejci v. Prudential Prop. Cas. Ins. Co., 66 Ohio St.3d 15, 1993-Ohio-190; and Broz v. Winland,68 Ohio St.3d 521, 1994-Ohio-529. In Broz, the Ohio Supreme Court commented that: "[t]he fact that the injured victim can initiate such an action is significant. R.C. 2721.03 provides that a declaratory judgment action is available to `[a]ny person interested' under a written contract of any nature for purposes of establishing rights and duties thereunder. Thus, even before judgment against the tortfeasor is obtained, an injured victim is an interested party under the tortfeasor's insurance policy."68 Ohio St.3d at 525. Broz also held that if injured tort claimants were not joined in declaratory judgment actions, they would not be bound by the proceedings. Id.
 {¶ 13} Subsequently, in 1999, the legislature amended several statutes to supersede these results. Specifically, the amendment notes to H.B. 58 state that:
 {¶ 14} "[t]he General Assembly declares that, in enacting divisions (A) and (B) of new section 3929.06 and new division (B) of section 2721.02 of the Revised Code in this act, in outright repealing existing section 3929.06 of the Revised Code in this act, and in making conforming amendments to sections 2721.03 and 2721.04 of the Revised Code in this act, it is the intent of the General Assembly to supersede the effect of the holding of the Ohio Supreme Court in Krejci v. PrudentialProp. and Cas. Ins. Co. (1993), 66 Ohio St.3d 15, Broz v. Winland
(1994), 68 Ohio St.3d 521, 524-525, and Mezerkor v. Mezerkor (1994),70 Ohio St.3d 304, 308, that existing section 3929.06 of the Revised Code does not preclude the commencement of a civil action under that section or a declaratory judgment action or proceeding under Chapter 2721. of the Revised Code against an insurer that issued a policy of liability insurance until a court of record enters in a distinct civil action for damages between the plaintiff and an insured tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved.
 {¶ 15} "* * *
 {¶ 16} "The General Assembly declares that, in enacting new division (C) of section 2721.02, new division (B) of section 2721.12, and division (C) of new section 3929.06 of the Revised Code in this act and in making conforming amendments to division (A) of section 2721.12 of the Revised Code in this act, it is the intent of the General Assembly to supersede the effect of the holding of the Ohio Supreme Court in Broz v.Winland (1994), 68 Ohio St.3d 521, and its progeny relative to the lack of binding legal effect of a judgment or decree upon certain persons who were not parties to a declaratory judgment action or proceeding between the holder of a policy of liability insurance and the insurer that issued the policy." 1999 H 58, §§ 4 and 5, eff. 9-24-99.
 {¶ 17} Consequently, under the amended statutes, Appellants, as an injured tort claimant and a subrogated insurer who steps into the shoes of the injured tort claimant, could not bring a direct action against CIC before obtaining a judgment against Consolidated. As we mentioned, however, this is not the procedural posture of the present case. Instead, Appellants were made part of the action as defendants and third-party defendants.
 {¶ 18} Appellants focus on this point, also, and cite IndianaIns. Co. v. Midwest Maintenance (Jan. 7, 2000), S.D. Ohio No. C-3-99-351, 2000 WL 987829 in support of their right to be part of the declaratory judgment actions. In Midwest Maintenance, the District Court for the Southern District of Ohio considered whether tort claimants should be allowed to intervene in a declaratory judgment action brought by an insurer against its insured. Before addressing intervention, however, the court considered the effect of amended R.C. 2721.02(B), which says that:
 {¶ 19} "[a] plaintiff who is not an insured under a particular policy of liability insurance may not commence against the insurer that issued the policy an action or proceeding under this chapter that seeks a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain, until a court of record enters in a distinct civil action for damages between the plaintiff and that insured as a tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved."
 {¶ 20} The District Court found that R.C. 2721.02(B) as amended did not bar the claimants from intervening. In this regard, the court said it did not:
 {¶ 21} "read that statute as barring the State Court Plaintiffs from intervening in this litigation. Section 2721.02(B) prohibits someone who is not an insured from commencing an action. The verb commence means to begin or to initiate. See Webster's Third New InternationalDictionary at 456. See also, Ohio R.Civ.P. 3(A) (`A civil action is commenced by filing a complaint with the court. . . .'); Cover v.Hildebran, 103 Ohio App. 413, 415, 145 N.E.2d 850, 852 (1957) (commence is synonymous with bring). The State Court Plaintiffs did not commence this litigation; rather, Indiana initiated this lawsuit, requesting declaratory relief under 28 U.S.C. § 2201. The language of §2721.02(B) does not remotely suggest that parties, such as the State Court Plaintiffs, are precluded from seeking leave to intervene in a declaratory judgment action brought by an insurer against its insured." 2000 WL 987829, *2 (emphasis in original).
 {¶ 22} We agree with the District Court's reasoning. Under a plain reading of R.C. 2721.02(B), all that is barred is a direct action on behalf of a tort claimant. Since the present cases were not direct actions by a tort claimant against an insurer, R.C. 2721.02(B) does not provide a basis for dismissing Appellants as parties.
 {¶ 23} In Midwest Maintenance, the District Court went on to consider whether the claimants should be allowed to intervene as of right under Fed. Civ.R. 24(a). Ultimately, the court decided that intervention of right was warranted. 2000 WL 987829, *4. Again, however, we do not have the same procedural situation, as Appellants did not ask to intervene. Instead, they were made parties to declaratory judgment actions, as defendants and third-party defendants. Thus, the issue is whether Appellants were improperly joined as defendants and third-party defendants.
 {¶ 24} Under Civ.R. 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." A decision to add or drop parties is within the trial court's discretion. Bill Gates CustomTowing, Inc. v. Branch Motor Exp. Co. (1981), 1 Ohio App.3d 149, 150. However, in exercising this discretion, courts should bear in mind that the rule is intended to bring in a party "`who, through inadvertence, mistake or for some other reason, * * * [has] not been made a party [originally] and whose presence * * * is * * * necessary or desirable * * *.'"
 {¶ 25} Although the above comment refers to "adding" parties, the same observation applies to dismissal of an existing party. In view of the effect of the 1999 amendments to the Declaratory Judgments Act and R.C. 3929.06, we believe that Appellants were proper parties to the declaratory judgment actions and should not have been dismissed. Declaratory judgment jurisdiction was originally given to probate courts in 1932, and was then extended to "`courts of record within their respective jurisdictions' by the Uniform Declaratory Judgments Act" in 1933. Radaszewski v. Keating (1943), 141 Ohio St. 489, 495. Before the Declaratory Judgments Act was adopted, however, injured parties already had the right by statute to bring actions against an insurance company after they obtained judgments against an insured tortfeasor. See, e.g.,Stacey v. Fidelity Cas. Co. of New York (1926), 114 Ohio St. 633
(interpreting G.C. 9510-4, as amended in 1919). G.C. 9510-4 was a predecessor statute to R.C. 3929.06, which today authorizes supplemental actions by judgment creditors against a tortfeasor's insurer.
 {¶ 26} In 1932, the Ohio Supreme Court reviewed such a supplemental action that was brought against an insurer. See HartfordAcc. Indem. Co. v. Randall (1932), 125 Ohio St. 581. The issue inHartford was whether an insurer may be bound by notice of a suit given by an injured claimant rather than the policyholder. In Hartford, the claimant's attorney had told the insurer's agent that he was going to file suit, and asked if he should send a copy of the petition to the agent. The agent's response was that sending the petition would be futile because the company would not defend the insured. Id. at 583-84.
 {¶ 27} After obtaining a default judgment against the insured, the claimant brought suit against the insurer. The insurer then defended on the basis that it had failed to receive notice of the prior lawsuit from its insured. However, the Ohio Supreme Court rejected this argument. In discussing the point, the court noted that complying with policy conditions is normally an insured's duty and is certainly in the insured's best interest. Nonetheless, the court also observed that:
 {¶ 28} "On the other hand, it is conceivable that a person carrying insurance, who is not financially responsible, might by collusion with the insurance company deliberately omit to give the required notice, for the sole purpose of defeating a claimant. If it should be held that the notice must be given by or through the insured, the door might thereby be opened to fraud and collusion which would be made the means of defeating just claims. It must be held that by virtue of section 9510-4, General Code, an injured person has a potential interest and a substantial right in the policy from the very moment of his injury, and, although it does not develop into a vested right until a judgment is secured, his rights are such, even before judgment, as to entitle him to comply with the terms and conditions of the policy, and thus make them effective in his behalf in the event the insured fails to discharge his duty under the policy." Id. at 586.
 {¶ 29} During this discussion, the court relied on a federal case that declared an injured party "a beneficiary and real party in interest" in the tortfeasor's liability policy. Id., citing Slavens v. StandardAccident Ins. Co. (C.A. 9 1928), 27 F.2d 859. Hartford has never been overruled or modified by the Ohio Supreme Court and is still being followed. See Sanderson v. Ohio Edison Co., 69 Ohio St.3d 582,1994-Ohio-379.
 {¶ 30} Admittedly, Hartford involved a judgment creditor action and the issue of notice rather than a declaratory judgment action. It was also decided before declaratory judgment jurisdiction was generally given to courts. Nonetheless, after the Declaratory Judgments Act was enacted, and insurers were given the right to bring actions to decide coverage issues, injured claimants were included as parties to the litigation. For example, in Ohio Farmers Indem. Co. v. Chames (1959), 170 Ohio St. 209, an insurer filed a declaratory judgment action against several parties, including the named insured, the tortfeasor (whose coverage was disputed), and two injured tort claimants. The petition alleged that no coverage existed and that the insurer was not obligated to defend any action brought against the insured or to pay any judgment. Id. at 210-11.
 {¶ 31} In the trial court, the tort claimants moved to dismiss the declaratory judgment action, claiming that the questions were factual and could not be properly decided in a declaratory judgment action. However, the Ohio Supreme Court disagreed. As a preliminary matter, the Ohio Supreme Court summarized the procedural history, as set out above, and commented that "[a]ll persons affected were made parties defendant" in the declaratory judgment action. Id. at 209. Ultimately, the Ohio Supreme Court found a justiciable controversy and reversed the dismissal of the action. In doing so, the court commented that:
 {¶ 32} "The use of the declaratory judgment action to establish whether there was coverage under the provisions of a liability insurance policy has often been resorted to by insurers in recent years. In many instances this type of action will determine in advance advisability of instituting or continuing the prosecution of negligence actions against the insured or others which may come within the protection of the policy and often accomplishes the speedier and more economical disposition of cases of this kind and the avoidance of a multiplicity of actions. Consequently, the remedy should be applied liberally whenever the result will be to settle the controversy one way or another." Id. at 213.
 {¶ 33} Chames is similar to the present case, in that no direct action was brought against the insurer. Instead, the tort claimants were simply included as affected defendants. Likewise, tort claimants have been allowed to intervene in declaratory judgment actions brought by the tortfeasor's insurers, where they were not originally named as parties. See, e.g., Nationwide Mut. Ins. Co. v. Finkley (1996), 112 Ohio App.3d 712,714, and Auto-Owners Ins. Co. v. Perry (1993), 84 Ohio App.3d 787, 788
[injured parties allowed to intervene in declaratory judgment action, pursuant to Civ.R. 24(A)]. And, as we mentioned earlier, the federal district court has held that tort claimants should be allowed to intervene under Fed. Civ.R. 24(a). Midwest Maintenance, 2000 WL 987829, *4.
 {¶ 34} In contending that dismissal was improper in the present case, Appellants rely on two cases where injured parties were held necessary or proper parties under R.C. 2721.12. As we said before, R.C.2721.12(A) requires all persons who have a claim or interest to be made part of a declaratory judgment proceeding. The cases cited by Appellants are St. Paul Fire Marine Ins. Co. (C.P. Lake County 1970),25 Ohio Misc. 26, 265 N.E.2d 814 (holding that the injured party is necessary and the party's absence is jurisdictional); and Nationwide v.Manley (Ct.App. 1957), 78 Ohio Law Abs. 362, 152 N.E.2d 691 (finding that the injured claimant is a proper party in a declaratory judgment action between an insurer and its insured). In both of these cases, the insurer initiated the declaratory judgment suit, so no issue of "commencing" a direct action was involved. Instead, as here, the tort claimants were simply named as defendants in controversies brought by a party to the insurance contract.
 {¶ 35} CIC has not discussed the cases cited by Appellants. Instead, CIC cites cases holding that plaintiffs are not interested parties in an insurance contract until judgment is obtained against the insured tortfeasor. See J.C. Penny Cas. Ins. Co. v. ProfessionalIns. Co. (1990), 67 Ohio App.3d 167. However, J.C. Penny did not involve the same situation as the present case. J.C. Penny was a direct action brought by the tort claimant's uninsured motorists carrier against the insurance company for the tortfeasor. In that situation, the Sixth District Court of Appeals held, as had other districts, that "an injured party could not maintain a direct action against the tortfeasor's insurer absent a judgment against the insured." Id. at 171. We agree with this statement, as it was the law before Broz and is once again the law in Ohio, per the 1999 amendments.
 {¶ 36} In J.C. Penny, the Sixth District relied on D.H. OvermyerTelecasting Co. v. American Home Assurance Co. (1986), 29 Ohio App.3d 31, which had held that a plaintiff is not a party interested in the insurance contact until he obtains judgment against the insured tortfeasor. 67 Ohio App.3d at 171. Again, however, D.H. Overmyer involved a direct action by a tort claimant against the tortfeasor's insurer.29 Ohio App.3d at 31-32.
 {¶ 37} In its brief, CIC also relies on cases holding that only persons who are legally affected are proper parties to a lawsuit. See, e.g., Schriber Sheet Metal Roofers v. Shook, Inc. (1940),64 Ohio App. 276. At the risk of being repetitive, Schriber again involved a direct action by an allegedly injured party. In Schriber, a subcontractor filed a declaratory judgment action based on a contract between General Motors (GM) and a general contractor (Shook). The subcontractor was not a party to the contract. However, GM deducted money from payments made to Shook, based on alleged negligence of the subcontractor. Shook, in turn, deducted the same amount of money from its payment to the subcontractor. 64 Ohio App. at 277.
 {¶ 38} The subcontractor asked for a declaration of the rights of the parties to the contract between GM and Shook. In addition, Shook filed a cross-petition against GM. Ultimately, the petition was dismissed due to the lack of privity between GM and the subcontractor, and the cross-petition was dismissed because it was not the proper subject of a set-off or counterclaim. On appeal, we upheld the dismissal. Specifically, we found that GM was not a proper party to the declaratory judgment action because there was no privity between GM and the subcontractor. Additionally, we concluded that Shook's claim was not a proper cross-claim because it did not ask for interpretation of the contract. Id. at 286.
 {¶ 39} Based on these conclusions, we felt the petition should be dismissed unless the Declaratory Judgments Act had enlarged the procedure as to joinder of defendants. Id. at 285. In this regard, counsel for Shook argued that the term "affected" in the declaratory judgment statute meant anyone who was "practically" rather than "legally" affected. We disagreed, concluding that only persons who were legally affected were proper parties to a lawsuit. Id. Notably, we observed that if the federal rules of procedure had been adopted in Ohio, as had been proposed, the parties may have been able to combine the claims in a single action. Id. at 287. At the time, of course (1940), Ohio had not yet adopted the Civil Rules of Procedure.
 {¶ 40} When the Civil Rules were adopted in 1970, Civ.R. 20(A) was included, and allowed permissive joinder of claims arising out of the same transaction, occurrence, or series of transactions or occurrences, and involving common questions of law or fact. Under Civ.R. 20(A), the claims in Schriber would likely have been allowed, since they arose from the same transaction or series of transactions and involved common questions of law and fact. Furthermore, for reasons that will become apparent, the relevance of Schriber and other cited authorities is questionable, since they were decided before the 1999 amendments.
 {¶ 41} Finally, CIC relies on authority from our own district indicating that tort claimants merely have a "contingent interest" in a declaratory judgment action before they obtain a judgment against the tortfeasor. See United States Fidelity and Guaranty Co. v. Elano Corp.
(Aug. 15, 1991), Greene App. No. 90-CA-84, 1991 WL 355163. In Elano, twenty persons residing near Elano's facility brought an action in federal court for damages for groundwater contamination. Subsequently, Elano's insurer, U.S.F.G., filed a declaratory judgment action in state court, asking for a decision on the duty to defend and indemnify. The trial court denied the motion of the twenty individuals to intervene both permissively and as of right, and on appeal, we affirmed. In the course of our decision, we commented that the interest of the proposed intervenors was merely contingent, because Elano's tort liability had not yet been decided. 1991 WL 355163, *2-3. We also found that the trial court did not abuse its discretion in denying permissive intervention. The basis for this conclusion was that the addition of twenty intervenors could unnecessarily complicate the action and cause delay.
 {¶ 42} Further, we rejected the claim that intervention was needed due to the potential for collateral estoppel. Specifically, we felt collateral estoppel would not apply because the intervenors were not in privity with either the insurer or insured, nor were they parties who could have entered the proceeding but failed to take the opportunity. Id. at *3, citing Howell v. Richardson (1989), 45 Ohio St.3d 365. Due to the 1999 amendments, these considerations no longer control. As amended, R.C. 3929.06(C) now provides that:
 {¶ 43} "1) In a civil action that a judgment creditor commences in accordance with divisions (A)(2) and (B) of this section against an insurer that issued a particular policy of liability insurance, the insurer has and may assert as an affirmative defense against the judgment creditor any coverage defenses that the insurer possesses and could assert against the holder of the policy in a declaratory judgment action or proceeding under Chapter 2721. of the Revised Code between the holder and the insurer.
 {¶ 44} "2) If, prior to the judgment creditor's commencement of the civil action against the insurer in accordance with divisions (A)(2) and (B) of this section, the holder of the policy commences a declaratory judgment action or proceeding under Chapter 2721. of the Revised Code against the insurer for a determination as to whether the policy's coverage provisions extend to the injury, death, or loss to person or property underlying the judgment creditor's judgment, and if the court involved in that action or proceeding enters a final judgment with respect to the policy's coverage or noncoverage of that injury, death, or loss, that final judgment shall be deemed to have binding legal effect upon the judgment creditor for purposes of the judgment creditor's civil action against the insurer under divisions (A)(2) and (B) of this section. This division shall apply notwithstanding any contrary common law principles of res judicata or adjunct principles of collateral estoppel."
 {¶ 45} In Howell, the Ohio Supreme Court refused to allow a tortfeasor's liability to be relitigated in a supplemental action brought against the insurer under R.C. 3929.06. 45 Ohio St.3d at 367. In this regard, the court noted that collateral estoppel does not apply simply to those who were parties to a proceeding. Instead, it "applies likewise to those in privity with the litigants and to those who could have entered the proceeding but did not avail themselves of the opportunity." Id. Because the insurer in Howell could have intervened in the prior action but chose not to do so, the court found no inequity in binding it to the results of that proceeding. The court stressed that "[i]t is this opportunity that must be seized. Otherwise, whether seized or not, the opportunity to litigate in the original action will preclude relitigation of liability in the supplemental proceeding." Id.
 {¶ 46} Subsequently, in Broz, the Ohio Supreme Court held that declaratory judgment decisions are not binding on injured parties and they are not precluded from relitigating coverage issues in an R.C. 3929.06
supplemental proceeding. 68 Ohio St.3d 521, 523. The court stressed that "mutuality of parties is a prerequisite for collateral estoppel." Id. Then, the court added that:
 {¶ 47} "`The main legal thread which runs throughout the determination of the applicability of res judicata, inclusive of the adjunct principle of collateral estoppel, is the necessity of a fair opportunity to fully litigate and to be `heard' in the due process sense.'" * * *
 {¶ 48} "The application of res judicata would deny * * * [the injured claimants] the right to litigate an issue they did not litigate in the declaratory action. They were not parties to this prior action nor were they in privity with the * * * [insured tortfeasors] in the action. In fact, the * * * [insured tortfeasors] and the * * * [injured claimants] were adverse parties, at least in regard to the underlying tort action. The * * * [insured tortfeasors'] primary concern is to insulate themselves from liability, whereas the * * * [injured claimants'] concern is to obtain redress for their injuries. Thus, it cannot reasonably be found that the * * * [insured tortfeasors] were adequate surrogates to protect the rights of the * * * [injured claimants]. Thus, the * * * [injured claimants], who were neither engaged in the litigation of the declaratory judgment action nor in privity with the * * * [insured tortfeasors], cannot be bound by the decision reached in the prior action." Id. at 523-24.
 {¶ 49} As we mentioned earlier, the legislature attempted to supersede the holding in Broz as to the lack of binding legal effect of a judgment on persons who were not parties to a declaratory judgment action. 1999 H 58, §§ 4 and 5, eff. 9-24-99. However, we do not think that this part of the statute can survive, consistent with due process, if injured claimants are excluded as parties from declaratory judgment actions. The Ohio Supreme Court has clearly stressed that "the existing Ohio requirement that there be an identity of parties or their privies is founded upon the sound principle that all persons are entitled to their day in court. The doctrine of res judicata is a necessary judicial development involving considerations of finality and multiplicity, but it should not be permitted to encroach upon fundamental and imperative rights." Whitehead v. General Tel. Co. (1969), 20 Ohio St.2d 108, 116, overruled on other grounds in Grava v. Parkman Twp., 73 Ohio St.3d 379,382-83, 1995-Ohio-331.
 {¶ 50} As the Ohio Supreme Court has also said:
 {¶ 51} "[F]or a judgment or decree to be res judicata, or to operate as estoppel, there must be an identity of issues and an identity of parties or persons in privity with the parties. We have also held that the term `parties' includes those who are directly interested in the subject matter of a suit, who have a right to make a defense, or who control the proceedings. * * * It has often been suggested that a person, although not technically a party to a prior judgment, may nevertheless be connected with it by his interest in the result of that litigation and by his active participation therein, so as to be bound by that judgment." 20 Ohio St.3d at 114-115.
 {¶ 52} In our opinion, it is logically inconsistent to say on one hand, that a party does not have an interest in a proceeding such that he is a proper or necessary party, and to claim, on the other, that he is bound by a judgment in the same proceeding because his interest is sufficiently strong. Yet, this is the conundrum created by the 1999 amendments to the Declaratory Judgments Act and to R.C. 3929.06.
 {¶ 53} In view of the Ohio Supreme Court's observation in Broz
that insured tortfeasors are not adequate surrogates to protect the interests of injured claimants, we must conclude that the trial court abused its discretion in dismissing Appellants as parties. We believe Appellants were proper parties, and may even have been necessary parties, since the 1999 amendments indicate that collateral estoppel will preclude relitigation of coverage issues in any supplemental action brought against an insurer under R.C. 3929.06. As we stressed in Elano, denying permissive intervention is not an abuse of discretion where the denial fails to result in the application of collateral estoppel effect. 1991 WL 355163, *3. By the same token, if denial of intervention (or dismissal of parties, as in the present case) causes a collateral estoppel effect, then the denial or dismissal is an abuse of discretion.
 {¶ 54} In St. Paul Fire Marine Ins. Co. v. Summit-WarrenIndustries Co. (N.D.Ohio. 1992), 143 F.R.D. 129, 133, the district court commented that permitting intervention:
 {¶ 55} "will create little or no interference with or complication of the litigation. The insurer, having brought the declaratory judgment action, is forced to present its case as to why the policy should be invalidated. Surely it runs counter to our notions of fairness and justice to find that the company would be harmed by being forced to face a stronger, more vigorous opposition. The role of this court and the judicial process is to reach a just and equitable resolution based on the facts, a task which can only be aided and served by the assistance of the strongest possible arguments by counsel."
 {¶ 56} We agree with these observations. Dismissing parties or failing to allow intervention is particularly troubling in cases like the present, where no appeal has been taken from the coverage decision. Accordingly, based on the preceding discussion, the first assignment of error is sustained. Moreover, since the disposition of this assignment of error necessarily means that the trial court erred in dismissing Appellants as parties, the second assignment of error is sustained as well.
 {¶ 57} In light of the foregoing discussion, both assignments of error are sustained, and the decision of the trial court is reversed. This case will be remanded for further proceedings consistent with this opinion.
FAIN, P.J., and WOLFF, J., concur.