[Cite as *Natl. Solid Wastes Mgt. Assn. v. Stark-Tuscarawas-Wayne Joint Solid Waste Mgt. Dist.*, 124 Ohio St.3d 197, 2009-Ohio-6765.]

NATIONAL SOLID WASTES MANAGEMENT ASSOCIATION,

APPELLANT, *v.* STARK-TUSCARAWAS-WAYNE JOINT SOLID WASTE

MANAGEMENT DISTRICT, APPELLEE.

[Cite as *Natl. Solid Wastes Mgt. Assn. v. Stark-Tuscarawas-Wayne Joint Solid Waste Mgt. Dist.,* 124 Ohio St.3d 197, 2009-Ohio-6765.]

*Solid-waste-management district — Local rules — Civil procedure — The director of the Ohio Environmental Protection Agency is not a necessary party who must be joined in a suit challenging the validity of local rules adopted by a solid-waste-management district.*

(No. 2009-0211 — Submitted November 18, 2009 — Decided December 30, 2009.)

APPEAL from the Court of Appeals for Stark County, No. 2008CA00011, 2008-Ohio-6585.

_____

**SYLLABUS OF THE COURT**

The director of the Ohio Environmental Protection Agency is not a necessary party who must be joined in a suit challenging the validity of local rules adopted by a solid-waste-management district.

_____

**O'DONNELL, J.**

{¶ 1}   The National Solid Wastes Management Association ("NSWMA") appeals from a decision of the Fifth District Court of Appeals, which reversed and remanded a declaratory judgment entered by the Stark County Court of Common Pleas in favor of the Stark-Tuscarawas-Wayne Joint Solid Waste Management District ("STW District") for failure to join a necessary party: the director of the Ohio Environmental Protection Agency.

**{¶ 2}** The issues presented in this case concern whether the director of the Ohio Environmental Protection Agency ("OEPA") is a necessary party to a declaratory-judgment action challenging local rules adopted by a solid-waste-management district and whether such rules, adopted in this case pursuant to a memorandum of understanding ("MOU") between the director of OEPA and the district, are valid and enforceable.

**{¶ 3}** After review, we conclude that because the director of the OEPA has no authority to enforce local-waste-management rules adopted by the STW District, he is not a necessary party who must be joined in a declaratory-judgment action seeking to challenge those rules. And because the appellate court, in reliance on its view regarding the director's status as a party, has not addressed whether the rules are valid and enforceable, we remand that matter for the court's consideration in the first instance.

## Facts and Procedural History

**{¶ 4}** The STW District is a joint solid-waste-management district for Stark, Tuscarawas, and Wayne counties with responsibility for preparing, obtaining OEPA approval of, and implementing a solid-waste-management plan for the disposal of solid wastes generated within the district's boundaries. In 1993, the director of the OEPA approved the STW District's original plan. In 1999, when the district filed an amended waste-management plan, the director disapproved it and in 2004 notified the district of his intention to prepare an amended plan on its behalf. The district subsequently entered into a memorandum of understanding with the director in which it was agreed that the district could adopt local rules prior to November 30, 2006, the date by which an amended plan would be issued by the director.

**{¶ 5}** In November 2006, the district adopted four local rules, including a recycling rule specifying that after January 1, 2008, landfills within the district

would no longer be permitted to accept waste from outside the district unless the originating district met or exceeded the STW District's recycling standards.

{¶ 6} On December 13, 2006, acting on behalf of its member landfill operators, the NSWMA filed a complaint against the STW District in the Stark County Court of Common Pleas seeking a declaration that the district's new rules exceeded statutory authority and were void and unenforceable. The district counterclaimed for a declaration that its recycling rule is valid.

{¶ 7} On December 22, 2006, the director issued an amended plan prepared by the OEPA and ordered the district to implement it.

{¶ 8} In December 2007, the trial court found that the MOU was a valid, enforceable agreement between the parties and that it provided for the local rules to survive the amended plan issued by the director. The court further ruled that the recycling rule is valid, but held that it would be impossible for the affected landfills to implement the recycling rule by January 1, 2008; as a result, it ordered a delay in the effective date of that rule. The court further ruled in favor of the STW District with respect to the validity of the other three rules, finding that no justiciable controversy existed because the NSWMA failed to demonstrate that its members would not be able to comply with the rules.

{¶ 9} The NSWMA appealed the trial court's decision to the Fifth District Court of Appeals, which sua sponte raised the question of whether the director of the OEPA is a necessary party to this case. The appellate court held that the director is a necessary party to any lawsuit challenging the STW District's local rules because he has the power to enforce them. The court ruled that the trial court acted without jurisdiction in hearing the case and remanded the matter for dismissal.

{¶ 10} The NSWMA appealed to this court, and we agreed to hear two propositions of law: first, whether the director is a necessary party to the action ,and second, whether the STW District's local rules are valid and enforceable.

*Natl. Solid Wastes Mgt. Assn. v. Stark-Tuscarawas-Wayne Joint Solid Waste Mgt. Dist.*, 121 Ohio St.3d 1472, 2009-Ohio-2045, 905 N.E.2d 653.

{¶ 11} Notably, both the NSWMA and the STW District agree that the director is not a necessary party to the NSWMA's declaratory-judgment action because he has no authority to enforce the district's local rules and therefore has no interest in their validity. Thus, his absence did not deprive the trial court of jurisdiction to render its judgment.

{¶ 12} The parties disagree, however, on whether the STW District's rules are valid and enforceable. The NSWMA argues that the STW District's authority to adopt and enforce its local rules ended on December 22, 2006, when the director issued the amended plan prepared by the OEPA for the district. It further contends that the recycling rule exceeds statutory authority because a waste-management district may exclude solid waste generated in other districts when necessary to meet local disposal capacity and disposal needs, but not to enforce local recycling standards.

{¶ 13} The STW District argues that it is not barred, either by statute or by the amended plan issued by the director, from enforcing its preexisting local rules. It further contends that the appellate court should defer to the trial court's finding that the MOU contemplated that the rules would survive the amended plan issued by the director because that finding is supported by competent credible evidence.

{¶ 14} Thus, the issues before this court concern whether the director is a necessary party to the NSWMA's action and whether the local rules adopted by the STW District pursuant to the MOU are valid and enforceable.

### Solid-Waste-Disposal Statutory Framework

{¶ 15} Effective June 24, 1988, the General Assembly enacted Am.Sub.H.B. No. 592, 142 Ohio Laws, Part III, 4418, thereafter codified in, inter alia, R.C. Chapters 343 and 3734, which established statewide solid- and

4

hazardous-waste-management policies and programs, vested the director of the OEPA with wide-ranging authority to adopt rules governing solid-waste facilities, and mandated each county to create a county solid-waste-management district or to join with other counties in creating a joint solid-waste-management district.

{¶ 16} R.C. 3734.54(A) requires each district to prepare and implement a solid-waste-management plan that must be submitted to and approved by the director. Periodically, districts must review and revise their initial plans and submit an amended plan to the director for approval; if a district fails to submit, or fails to secure approval of, an amended plan, the director is required by statute to prepare and issue an amended plan for the district. See R.C. 3734.56(A) and 3734.55(D).

### OEPA Director as a Necessary Party

{¶ 17} The absence of a necessary party to a lawsuit is a jurisdictional defect that precludes the court from rendering a declaratory judgment. See *Zanesville v. Zanesville Canal & Mfg. Co.* (1953), 159 Ohio St. 203, 209, 50 O.O 254, 111 N.E.2d 922.

{¶ 18} In *Cincinnati v. Whitman* (1975), 44 Ohio St.2d 58, 73 O.O.2d 283, 337 N.E.2d 773, we examined whether a litigant needed to join the director of the OEPA as a party to a suit concerning the condition of Cincinnati's drinking water. We held that "when declaratory relief is sought which involves the validity or construction of a statute and affects the powers and duties of public officers, such officers should be made parties to the action or proceeding in which the relief is sought." Id. at 61. In that case, because the director of the OEPA had the exclusive duty to investigate and enforce compliance with statutory water quality standards, the failure to join the director deprived the trial court of jurisdiction.

{¶ 19} In the present case, the appellate court held that the OEPA director is a necessary party to the NSWMA's declaratory-judgment action challenging

the STW District's local rules because R.C. 3734.02 vests him with the power to enforce those rules. 2008-Ohio-6585, ¶ 11.

{¶ 20} R.C. 3734.02 provides:

{¶ 21} "(A) The director of environmental protection, in accordance with Chapter 119 of the Revised Code, shall adopt and may amend, suspend, or rescind rules having uniform application throughout the state governing solid waste facilities * * *.

{¶ 22} "* * *

{¶ 23} "(B) The director shall prescribe and furnish the forms necessary to administer and enforce this chapter. The director may cooperate with and enter into agreements with other state, local, or federal agencies to carry out the purposes of this chapter. The director may exercise all incidental powers necessary to carry out the purposes of this chapter."

{¶ 24} This statute vests the director with the power to enforce rules having uniform application throughout the state, making him a necessary party to an action challenging such rules. However, the rules at issue in this case are the STW District's local rules – rules adopted by the STW District rather than by the director and thus, by definition, not uniformly applicable throughout the state. The relevant question, therefore, is whether the director has the power to enforce local rules adopted by a solid-waste-management district.

{¶ 25} R.C. 343.01(G) provides that the power to enforce local rules rests with the board of county commissioners of a county district or board of directors of a joint district: "[T]he board * * * may adopt, publish, and enforce rules * * * (1) [p]rohibiting or limiting the receipt of solid wastes generated outside the district * * * at facilities located within the solid waste management district." This subsection specifies that the director may modify a local rule if six conditions set forth in divisions (G)(1)(a) through (f) apply, but it does not grant him the express power to enforce a local rule.

6

**{¶ 26}** Thus, neither R.C. 3734.02 nor R.C. 343.01(G) grants the director of the OEPA the power to enforce the STW District's local rules; accordingly, the director is not a necessary party to an action challenging the enforcement of those rules. Therefore, the director's absence from the action does not deprive the trial court of jurisdiction to render a decision. Furthermore, we note that because the appellate court raised the issue of whether the director was a necessary party sua sponte and remanded this case for dismissal based on a lack of jurisdiction, it has not yet considered the assignments of error presented by the parties regarding the validity and enforcement of the STW District rules. Accordingly, we remand this matter for further consideration.

### Conclusion

**{¶ 27}** Based on the foregoing, we agree with the parties and conclude that the director of the Ohio Environmental Protection Agency is not a necessary party who must be joined in a suit challenging the validity of local rules adopted by a solid-waste-management district. Accordingly, the decision of the appellate court is reversed, and the matter is remanded for consideration of the pending assignments of error.

**{¶ 28}** We are mindful of the importance of the substantive issues presented by this case to citizens of this state and recognize a special need for swift resolution. Because the parties have already briefed the matter regarding validity of the STW District rules, we assume that this matter will be advanced on the appellate docket for expedited consideration.

Judgment reversed
and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

_____

Frost Brown Todd, L.L.C., Terrence M. Fay, Christopher S. Habel, and Douglas R. Dennis, for appellant.

Black, McCuskey, Souers & Arbaugh, L.P.A., Thomas W. Connors, and Kristen R. Zemis, for appellee.

Porter, Wright, Morris & Arthur, L.L.P., and David E. Northrop, urging reversal for amici curiae Coshocton-Fairfield-Licking-Perry Solid Waste Management District and Southeastern Ohio Joint Solid Waste Management District.

Roetzel & Andress, L.P.A., and Terrence S. Finn, urging reversal for amicus curiae Summit/Akron Solid Waste Management Authority.

Linda S. Woggon, urging reversal for amicus curiae Ohio Chamber of Commerce.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, urging reversal for amicus curiae Cuyahoga County Solid Waste Management District.

_____