[Cite as *Rumpke Sanitary Landfill, Inc. v. State*, 128 Ohio St.3d 41, 2010-Ohio-6037.]

RUMPKE SANITARY LANDFILL, INC., APPELLEE, *v.* THE STATE OF OHIO;

COLERAIN TOWNSHIP ET AL., APPELLANTS.

[Cite as *Rumpke Sanitary Landfill, Inc. v. State*,

128 Ohio St.3d 41, 2010-Ohio-6037.]

*Civil procedure — Intervention in declaratory-judgment action challenging*
*constitutionality of statute — Civ.R. 19 and 24.*

(No. 2009-2004 — Submitted September 15, 2010 — Decided
December 16, 2010.)

APPEAL from the Court of Appeals for Hamilton County, Nos. C-081097
and C-081119, 184 Ohio App.3d 135, 2009-Ohio-4888.

_____

SYLLABUS OF THE COURT

1.  A constitutional challenge to an enactment of the General Assembly based on
    violation of the one-subject rule is a challenge to the authority of the
    General Assembly to enact a bill, not a challenge to the underlying
    statutory provisions of the bill.

2.  A township is not a necessary party to a constitutional challenge to an
    enactment of the General Assembly based on a violation of the one-
    subject rule of the Ohio Constitution.

_____

O'DONNELL, J.

{¶ 1}  Colerain Township and its trustees appeal from a decision of the
First District Court of Appeals, which affirmed the trial court judgment denying
Colerain's motion to intervene in an action for declaratory judgment and
injunctive relief filed by Rumpke Sanitary Landfill, Inc., against the state of Ohio,
denying the state's motion to dismiss that action for failure to join Colerain,

declaring the General Assembly's amendments to R.C. 303.211 and 519.211 unconstitutional pursuant to the one-subject rule of the Ohio constitution, and permanently enjoining implementation of those amendments.

{¶ 2} The issue presented on this appeal is whether a township is a necessary party to a declaratory-judgment action challenging an enactment of the General Assembly as violating the one-subject rule of the Ohio Constitution.

{¶ 3} Although Colerain Township may have a practical interest in the outcome of Rumpke's declaratory-judgment action, a township has no legal interest in the General Assembly's authority to enact laws and therefore is not a necessary party to a declaratory-judgment action challenging legislation as violating the one-subject rule. Accordingly, we affirm the judgment of the court of appeals.

**Facts and Procedural History**

{¶ 4} Rumpke and its subsidiaries own and operate a sanitary landfill located in Colerain Township, Hamilton County, Ohio. In 2006, Rumpke sought to expand its operation and filed an application to change township zoning, which Colerain denied. Thereafter, Rumpke sued Colerain in the common pleas court, asserting that because it is a public utility, it is not subject to the township's zoning restrictions.

{¶ 5} During the pendency of that action, the 127th General Assembly passed, and the governor signed, Am.Sub.H.B. No. 562, an appropriations bill establishing the biennial budget for the state of Ohio for fiscal years 2009 and 2010. In addition to making capital and other appropriations for the operation of state programs, the bill amended more than 300 sections of the Revised Code, including R.C. 303.211 and 519.211 to specify that the term "public utility" does not include a person that owns or operates a privately owned solid-waste facility.

{¶ 6} However, on September 2, 2008, before the amendments to those sections became effective, Rumpke filed a complaint for declaratory judgment

and injunctive relief against the state, asserting that the amendments to R.C. 303.211 and 519.211 included in the appropriations bill violated the one-subject rule of Section 15(D), Article II of the Ohio Constitution, which states: "No bill shall contain more than one subject, which shall be clearly expressed in its title." Colerain moved to intervene in that lawsuit, asserting that it had a special interest in the case because the outcome could impair its ability to protect its interest in the pending zoning case Rumpke had filed against the township. The state filed a motion to dismiss the declaratory-judgment action, asserting that Rumpke had failed to join Colerain, a necessary party to the action under R.C. 2721.12(A) and Civ.R. 19.

{¶ 7} On October 3, 2008, the common pleas court denied the motions filed by Colerain and the state and ordered that the amendments to R.C. 303.211 and 519.211 be "permanently enjoined from taking effect." It concluded that altering the definition of "public utility" for zoning purposes was totally unrelated to the primary purpose of the bill – making capital and other appropriations and providing authorization and conditions for the operation of state programs – and therefore by including the amendments in the appropriations bill, the General Assembly had violated the one-subject rule.

{¶ 8} On appeal by the state and Colerain, the appellate court held that the trial court did not abuse its discretion when it denied Colerain's motion to intervene, did not err in denying the state's motion to dismiss for failure to join a necessary party, and properly determined that the amendments to R.C. 303.211 and 519.211 violated the one-subject rule.

{¶ 9} On Colerain's appeal to this court, we accepted discretionary review of the following proposition of law: "A township is an interested and necessary party to a constitutional challenge brought by a property owner within the township's jurisdiction to a law passed by the General Assembly that directly affects the township's police powers over that owner's property and pending

litigation." *Rumpke Sanitary Landfill, Inc. v. State*, 124 Ohio St.3d 1442, 2010-Ohio-188, 920 N.E.2d 373.

{¶ 10} Colerain contends that it is an interested and necessary party required to be joined in Rumpke's declaratory-judgment action pursuant to R.C. 2721.12, asserting that every one-subject-rule challenge to a legislative enactment is a challenge to the substance of the statutes being amended rather than a challenge to the legislative process or legislature's authority to adopt the bill. Thus, Colerain maintains that Rumpke is challenging the amendment to R.C. 519.211, which affects its zoning power over public utilities and sanitary landfills and may directly affect its pending litigation with Rumpke. Accordingly, Colerain argues that it has a direct legal interest in the outcome of the action seeking to enjoin those amendments from taking effect and consequently urges that the trial and appellate courts erred in finding that it had no interest in Rumpke's action and in failing to join it as a necessary party as required by law.

{¶ 11} Alternatively, Colerain contends that even if it is not a necessary party pursuant to R.C. 2721.12, it is entitled to intervene in the action as of right pursuant to Civ.R. 24(A) and it should have been joined as a party pursuant to Civ.R. 19(A).

{¶ 12} Rumpke, on the other hand, contends that Colerain is not a necessary party to its one-subject-rule challenge to Am.Sub.H.B. No. 562, because it is not challenging Colerain's zoning powers or any statute that the township is charged with enforcing, but rather is challenging the General Assembly's power to enact the appropriations bill in violation of the one-subject rule. Accordingly, Rumpke asserts that Colerain had no legally protectable interest in defending the legislative process of the General Assembly and that even if it did, the state adequately protected that interest as a party in the action.

{¶ 13} Thus, we are called upon to decide whether a township is a necessary party to a constitutional challenge to an enactment of the General

Assembly alleging a violation of the one-subject rule of the Ohio Constitution if the outcome may affect township police powers over landowners and pending litigation.

**Necessary Party Analysis**

{¶ 14} R.C. Chapter 2721 provides a complete statutory scheme for obtaining declaratory relief. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 22, 540 N.E.2d 266. R.C. 2721.12(A) provides that "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." As we observed in *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 273, 71 O.O.2d 247, 328 N.E.2d 395, " 'only those persons who are legally affected are proper parties to a lawsuit.' " Id. at 273, quoting *Schriber Sheet Metal & Roofers v. Shook* (1940), 64 Ohio App. 276, 285, 18 O.O 105, 28 N.E.2d 699. A party is legally affected by a cause of action if the party has a legal interest in rights that are the subject matter of the cause of action. See, e.g., *Huggins v. John Morrell & Co.* (1964), 176 Ohio St. 171, 175, 27 O.O.2d 50, 198 N.E.2d 448. Black's Law Dictionary (9th Ed.2009) 886 defines "legal interest" as "[a]n interest recognized by law," and we have defined it as an interest that is "legally protectable," i.e., protected by law. See *In re Schmidt* (1986), 25 Ohio St.3d 331, 336, 25 OBR 386, 496 N.E.2d 952.

{¶ 15} Thus, whether a nonparty is a necessary party to a declaratory-judgment action depends upon whether that nonparty has a legally protectable interest in rights that are the subject matter of the action. We have considered whether the inclusion of a nonparty is necessary to the rendition of a declaratory judgment in several cases. In *Driscoll*, for example, we examined whether landowners adjacent to a parcel of property owned by a real estate development partnership were necessary parties to a declaratory-judgment action brought by

the partnership challenging the constitutionality of township zoning as it applied to the parcel. We held that although the surrounding property owners may have had a *practical* interest in the outcome of the action – whether the partnership could construct apartment buildings on its property – they were not necessary parties to the partnership's declaratory-judgment action, because they had no *legal* interest in a determination of the constitutionality of the township's zoning resolution as applied to that property. 42 Ohio St.2d at 273, 71 O.O.2d 247, 328 N.E.2d 395.

{¶ 16} In *Cincinnati v. Whitman* (1975), 44 Ohio St.2d 58, 73 O.O.2d 283, 337 N.E.2d 773, we examined whether a litigant needed to join the director of the Ohio Environmental Protection Agency as a party to a suit challenging the constitutionality of R.C. 6111.13, a statute requiring the fluoridation of water supplied to a public water system. We held that the director was a necessary party to the action because another statute, R.C. 6111.12, imposed clear legal duties upon the director to investigate and enforce compliance with statutory fluoridation requirements and the effect of holding R.C. 6111.13 unconstitutional would be to vitiate the director's duties.

{¶ 17} Similarly, in *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, we examined whether several affected communities needed to join the director of the Ohio Department of Natural Resources as a party to a declaratory-judgment action averring that the city of Akron had violated the communities' riparian rights by diverting water from the Cuyahoga River without a permit to do so. We held that because the director is charged with the exclusive statutory duty to issue and enforce water diversion permits, the director was a necessary party to the claim. Id. at ¶ 100.

{¶ 18} And recently, in *Natl. Solid Wastes Mgt. Assn. v. Stark-Tuscarawas-Wayne Joint Solid Waste Mgt. Dist.*, 124 Ohio St.3d 197, 2009-Ohio-6765, 920 N.E.2d 978, we held that the director of environmental protection was

not a necessary party to a declaratory-judgment action challenging local rules adopted by a solid-waste-management district, because the director had no statutory authority to enforce those rules.

{¶ 19} Thus, our resolution of the present case depends upon whether Colerain has a legally protectable interest in rights that are the subject of Rumpke's one-subject-rule challenge to the appropriations bill enacted by the General Assembly.

### The One Subject Rule

{¶ 20} In *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 495, 715 N.E.2d 1062, we explained that the one-subject rule was added to our Constitution in 1851 as a means of placing "concrete limits on the power of the General Assembly to proceed however it saw fit in the enactment of legislation." Specifically, "[t]he primary and universally recognized purpose of [the one-subject rule] is to prevent logrolling – '* * * the practice of several minorities combining their several proposals as different provisions of a single bill and thus consolidating their votes so that a majority is obtained for the omnibus bill where perhaps no single proposal of each minority could have obtained majority approval separately.' " *State ex rel. Dix v. Celeste* (1984), 11 Ohio St.3d 141, 142-143, 11 OBR 436, 464 N.E.2d 153, quoting 1A Sutherland, Statutes and Statutory Construction (4th Ed.1972), Section 17.01. The one-subject rule therefore is a constitutional limitation on the legislative power of the General Assembly. Thus, a constitutional challenge to an enactment of the General Assembly based on violation of the one-subject rule is a challenge to the authority of the General Assembly to enact the bill, not a challenge to the underlying statutory provisions of the bill.

{¶ 21} Because a township has no legally protectable interest in the authority of the General Assembly to enact a bill, a township is not a necessary party to a constitutional challenge to the bill premised on a violation of the one-

subject rule of the Ohio Constitution. Accordingly, Colerain is not a necessary party to Rumpke's declaratory-judgment action.

{¶ 22} Colerain's remaining argument, that it should have been allowed to intervene in Rumpke's action as of right pursuant to Civ.R. 24(A) or should have been joined by the trial court pursuant to Civ.R. 19(A), is not well taken. Civ.R. 24(A) provides that anyone shall be allowed to intervene in a cause of action "(1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." Because Colerain is not a necessary party to Rumpke's declaratory-judgment action, R.C. 2744.12 does not confer upon Colerain an unconditional right to intervene. In addition, although we construe Civ.R. 24(A)(2) liberally to permit intervention, *Ohio Dept. of Adm. Servs., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 51, 562 N.E.2d 125, Civ.R. 24(A)(2) permits intervention as of right only when an applicant has a legal interest in the action. See *In re Schmidt*, 25 Ohio St.3d at 336, 25 OBR 386, 496 N.E.2d 952. Because Colerain has no legal interest in Rumpke's action, the court of appeals correctly concluded that the trial court did not abuse its discretion when it denied the township's motion to intervene pursuant to Civ.R. 24(A).

{¶ 23} Civ.R. 19(A) provides that a person shall be joined as a party in an action if "(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may * * * as a practical matter impair or impede his ability to protect that interest." Because Colerain has no legal interest in the outcome of Rumpke's challenge to the authority of the General Assembly to enact Am.Sub.H.B. No. 562, its absence did not prevent Rumpke or the state from being accorded complete relief in that

action. Thus, the court of appeals properly affirmed the trial court's denial of the state's motion to dismiss the case for failure to join Colerain as a necessary party pursuant to Civ.R. 19(A).

{¶ 24} Although Colerain Township is involved in litigation against Rumpke, it is not the only township affected by the amendment to R.C. 519.211. Virtually any township would be similarly affected, as would any county be affected by the amendment to R.C. 303.211. Should Colerain prevail, potentially any township and county would be a necessary party to a constitutional challenge to legislation premised on a one-subject-rule violation. This would be a distorted reading of our ruling and create unmanageable litigation in cases of this type.

## Conclusion

{¶ 25} Admittedly, Colerain's interest in its pending litigation with Rumpke may be practically affected by Rumpke's declaratory-judgment action against the state, but Colerain has no legal interest in the authority of the General Assembly to enact amendments to R.C. 303.211 and 519.211 as part of Am.Sub.H.B. No. 562, an appropriations bill, in violation of the one-subject rule of the Ohio Constitution. Based on the foregoing, Colerain is not a necessary party to Rumpke's declaratory-judgment action. Accordingly, the judgment of the appellate court is affirmed.

Judgment affirmed.

PFEIFER, O'CONNOR, and LANZINGER, JJ., concur.

BROWN, C.J., and LUNDBERG STRATTON and CUPP, JJ., dissent.

_____

**CUPP, J., dissenting.**

{¶ 26} Because I disagree with the majority's conclusion that Colerain Township has no "legal interest" in this declaratory-judgment action and could not be joined as a party defendant in Rumpke's action against the state, I must

dissent. The township should have been joined as a party in this declaratory-judgment action under Civ.R. 19(A).

{¶ 27} This case began when Rumpke sued to invalidate the General Assembly's amendment to R.C. 519.211 in 2008. The version of R.C. 519.211(A) prior to the 2008 amendment read:

{¶ 28} "Except as otherwise provided in division (B) or (C) or this section, sections 519.02 to 519.25 of the Revised Code confer no power on any board of township trustees or board of zoning appeals in respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use, or enlargement of any buildings or structures of any public utility or railroad, whether publicly or privately owned, or the use of land by any public utility or railroad, for the operation of its business." Sub.S.B. No. 107, 151 Ohio Laws, Part I, 475.

{¶ 29} That version of R.C. 519.211 was silent regarding whether privately owned solid-waste facilities were "public utilities" and exempt from township zoning. The 2008 amendment to R.C. 519.211 clarified this ambiguity. A new sentence added to R.C. 519.211 expressly provided that privately owned solid-waste facilities did not qualify as "public utilities" that would be exempt from local zoning. The amendment ensured that a township had authority to regulate, control, and enforce land use by entities such as Rumpke that were operating within township boundaries.[1] 2008 Am.Sub.H.B. No. 562, section eff. Sept. 23, 2008.

{¶ 30} Just prior to the effective date of the amended version of R.C. 519.211, Rumpke filed suit to challenge the 2008 legislation on the grounds that

---

1. {¶ a} The amendment added a new sentence to the end of R.C. 519.211(A):

{¶ b} "As used in this division, 'public utility' does not include a person that owns or operates a solid waste facility or a solid waste transfer facility, other than a publicly owned solid waste facility or a publicly owned solid waste transfer facility, that has been issued a permit under Chapter 3734. of the Revised Code or a construction and demolition debris facility that has been issued a permit under Chapter 3714. of the Revised Code."

the amendment was unconstitutional as a violation of the one-subject rule of the Ohio Constitution. Rumpke requested a declaration that the amendment to R.C. 519.211 was unconstitutional and an injunction "enjoining the amendments * * * from taking effect." The township sought to intervene in Rumpke's action against the state (the "intervention case").

{¶ 31} The township does not seek to intervene in this matter merely because it claims an abstract interest in Rumpke's constitutional challenge to amended R.C. 519.211. The township's interest in this case is directly tied to other pending and preexisting litigation that Rumpke instituted against the township. That other litigation arose from the township's denial of Rumpke's request to rezone 350 acres to use for additional landfill operations in 2006 (the "zoning case"). In the zoning case, Rumpke claimed that the township's zoning resolutions were unconstitutional as applied to its property and constituted a taking without just compensation. That claim alone would not have provided the township with sufficient legal interest to entitle it to intervene in the present matter. However, Rumpke further argued in the already pending zoning case that at the time of the township's decision in the zoning case in 2006, Rumpke was already a "public utility" within the meaning of the version of R.C. 519.211 then in effect and was therefore exempt from the township's zoning regulations. From the record available to us, it appears that litigation in the zoning case has been stayed by the appellate court pending the outcome of this present matter.[2]

{¶ 32} The township's interest in this intervention case is that the result of the preexisting zoning case directly affects each party's legal position within that preexisting and pending case. In the zoning case, Rumpke has directly challenged the application of the existing zoning law to it by newly asserting its status as a public utility for zoning purposes—the very issue that the intervention case

---

2. The case is *Rumpke Sanitary Landfill, Inc. v. Colerain Twp.*, Common Pleas Court, case No. A 0703073; First District Court of Appeals, case No. C-090223.

affects. Rumpke's challenge to the township's zoning authority in the zoning case raises a significant legal issue because, according to the township, Rumpke is only now, after 40 years of submitting to the township's zoning resolution, asserting that it is not subject to the township's zoning resolution. Consequently, the township's authority to enforce its zoning resolution is squarely at issue in both the zoning case and in the intervention case.

{¶ 33} The presence of the same issues in both the intervention and zoning cases, and the interdependence of those issues on the two cases, substantiates the township's legal interest in this intervention case consistently with the joinder rule of Civ.R. 19(A). This provision provides that a person "shall be joined as a party in the action if * * * (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest."

{¶ 34} The township has sufficiently demonstrated that its absence from the intervention case impairs its ability to protect its interest in maintaining its authority to regulate, control, and enforce land use within its boundaries. This is particularly true because it appears that Rumpke initiated the present case as a new and separate case from the already pending zoning action purposefully as a way to litigate the public-utility issue without the township's opposing participation and as a way to gain a strategic advantage in the zoning case. Despite the differing legal theories, these two cases involve related aspects of the same issues. Consequently, the township should be permitted to join as a party to assert its important legal interest in the present case ultimately challenging whether Rumpke is a public utility.

{¶ 35} Colerain Township's interest in this case is clearly different from the interest of townships generally. The presence and interdependence of the same issues in both the preexisting zoning case and this intervention case give

12

Colerain Township a specific, unique interest in the intervention case that is distinguishable from that of other township within the state. Permitting the township to intervene in this case would create no "unmanageable litigation," as the majority asserts. Rather, it would simply permit an entity that has a legal interest that would be affected in the proceedings to protect that interest.

{¶ 36} For the foregoing reasons, I dissent.

BROWN, C.J., and LUNDBERG STRATTON, J., concur in the foregoing opinion.

_____

Keating, Muething & Klekamp, P.L.L., Joseph L. Trauth Jr., Thomas M. Tepe Jr., and Charles M. Miller, for appellee.

Brahm & Cunningham, L.L.C., Richard C. Brahm, Catherine A. Cunningham, and Aaron M. Glasgow, for appellants.

Michael H. Cochran, urging reversal on behalf of amici curiae, Township Association and Coalition of Large Ohio Urban Townships.

_____