[Cite as *Reister v. Gardner*, 2022-Ohio-4272.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

JOHN J. REISTER, RECEIVER, ON
BEHALF OF CERTIFIED STEEL STUD
ASSOCIATION, INC.,

    Appellee,

    - vs -

WILLIAM A. GARDNER, et al.,

    Appellees,

    - vs -

CLARKWESTERN DIETRICH BUILDING
SYSTEMS LLC,

    Appellant.

:
:
:
:
:
:
:

CASE NO. CA2021-10-127

O P I N I O N
11/30/2022

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2018 02 0442

Taft Stettinius & Hollister LLP, and Daniel R. Warncke and Brian A. Morris; Fox Rothschild LLP, and Jeffrey M. Pollock and Robert J. Rohrberger, for appellee, William A. Gardner.

Millikin & Fitton Law Firm, and Steven A. Tooman; Helmer, Martins, Tate & Garrett Co., LPA, and James B. Helmer, Jr., B. Nathaniel Garrett, and James A. Tate, for appellee, John J. Reister, Receiver, on behalf of Certified Steel Stud Association, Inc.

Dinsmore & Shohl LLP, and Peter J. Georgiton and Justin M. Burns; Chamberlain Hrdlicka White Williams & Aughtry, and Scott M. Ratchick and John C. Guin, for appellee, Edward R. Slish.

Frost Bown Todd LLC, and Matthew C. Blickensderfer; Dentons Cohen & Grigsby, P.C., and Anthony Cillo and Fridrikh V. Shrayber, for appellant, Clarkwestern Dietrich Building Systems LLC.

**BYRNE, J.**

{¶1} Clarkwestern Dietrich Building Systems LLC ("ClarkDietrich") appeals from the decision of the Butler County Court of Common Pleas, which dismissed ClarkDietrich as an interested party in a declaratory judgment action. For the reasons discussed below, we reverse the common pleas court's decision and reinstate ClarkDietrich as an interested party.

### I. Factual and Procedural History

{¶2} In 2013, in the Butler County Court of Common Pleas, ClarkDietrich sued the Certified Steel Stud Association, Inc. ("CSSA") and the CSSA's member companies in a lawsuit we will refer to as "the Defamation Action." The Defamation Action primarily alleged that CSSA made defamatory statements about the quality of ClarkDietrich's products in a trade publication.

{¶3} In 2015, a lengthy jury trial commenced. During the trial, ClarkDietrich settled with each of CSSA's member companies, but did not settle with CSSA.

{¶4} Prior to closing arguments, ClarkDietrich presented CSSA with a walk-away, no-cost settlement offer. That is, ClarkDietrich offered to dismiss its claims against CSSA, with prejudice, and with no monetary or non-monetary terms. Despite CSSA having no counterclaims against ClarkDietrich, CSSA's board of directors (composed of high-ranking steel industry executives from CSSA's member companies), voted to reject that offer.

{¶5}   ClarkDietrich then moved the trial court to dismiss its claims against CSSA pursuant to Civ.R. 41(A)(2).   CSSA opposed that motion.   The trial court denied ClarkDietrich's request to dismiss the case.   The parties then presented closing arguments.

{¶6}   In what the Ohio Supreme Court would later describe as a "be careful what you wish for" turn of events,[1] the jury returned a unanimous verdict for ClarkDietrich and awarded $49.5 million, of which $43 million was apportioned to CSSA.   Accordingly, the trial court issued a judgment against CSSA in the amount of $43 million.   We affirmed that judgment on appeal.   *Clarkwestern Dietrich Bldg. Sys., L.L.C. v. Certified Steel Stud Assn., Inc.*, 12th Dist. Butler No. CA2016-06-113, 2017-Ohio-2713.

{¶7}   Following the appeal, ClarkDietrich moved the trial court to appoint a receiver to pursue potential claims against CSSA's board of directors on CSSA's behalf.   The trial court agreed to do so and issued an order ("the Receivership Order").   In the Receivership Order, the trial court found that CSSA had stipulated that it had insufficient assets to satisfy the $43 million judgment.   The court further found that,

> CSSA possesses "property" in the form of potentially viable claims and choses in action that may be used to satisfy the judgment against it in whole or in part, including but not limited to a cause of action against Directors, Officers or Agents of CSSA for breach of fiduciary duty to CSSA.   It appears to the Court that CSSA has failed to take the necessary steps to investigate and prosecute those claims.

Receivership Order at ¶ H.   The court, quoting R.C. 2735.01(A)(4) and (5), found that it was authorized to appoint a receiver "[a]fter judgment, to carry the judgment into effect" and "[a]fter judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal * * *."   Finally, the court found that,

> ClarkDietrich has shown by clear and convincing evidence that the appointment of a receiver is necessary to investigate and prosecute CSSA's claims against its directors, officers and/or

---

1. *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, ¶ 3.

agents for breach of their fiduciary duties. The appointment of a receiver is necessary to give ClarkDietrich an opportunity to collect its judgment. If a receiver is not appointed, claims that could fund the judgment may well lapse.

Receivership Order at ¶ L.

{¶8} We affirmed the Receivership Order. *Clarkwestern Dietrich Bldg. Sys., L.L.C. v. Certified Steel Stud Assn.*, 12th Dist. Butler No. CA2017-04-040, 2017-Ohio-8129. We held that the trial court did not abuse its discretion in finding that ClarkDietrich demonstrated that the appointment of a receiver was necessary to give it the opportunity to collect its judgment. *Id.* at ¶ 23-24.

{¶9} The appointed receiver, John J. Reister ("Receiver"), filed the lawsuit now before us ("the Receivership Action") against four CSSA directors, including defendants-appellees William A. Gardner, III and Edward R. Slish, in the Butler County Court of Common Pleas.[2] The Receiver included ClarkDietrich in the Receivership Action as an interested party.

{¶10} The complaint in the Receivership Action included two causes of action. The first cause of action alleged that the CSSA directors breached their fiduciary duty to CSSA by rejecting ClarkDietrich's settlement offer. The complaint alleged that the directors were not acting in CSSA's best interests when they voted to reject the offer but were instead acting in the best interests of their respective corporate employers. The second cause of action was for declaratory judgment and asked the court to declare that the directors' decision to reject the settlement offer was not a valid exercise of business judgment and that the directors were not entitled to the protection of the common law business judgment rule.

{¶11} Gardner and Slish subsequently moved to dismiss the Receivership Action or

---

2. The record reflects that the two other director defendants settled with the Receiver.

for judgment on the pleadings. The trial court granted judgment on the pleadings on the basis that the CSSA directors' actions were protected from liability by the litigation privilege doctrine. We affirmed. *Reister v. Gardner*, 12th Dist. Butler Nos. CA2019-01-010, CA2019-01-011, and CA2019-01-020, 2019-Ohio-4720. The Ohio Supreme Court reversed our decision, held the litigation privilege doctrine inapplicable, and remanded for further proceedings. *Reister*, 2020-Ohio-5484 at ¶ 14, 21.

{¶12} On remand, Gardner moved to dismiss ClarkDietrich from the Receivership Action, arguing that ClarkDietrich was not an "interested party" under R.C. 2721.12.[3] Gardner argued that while ClarkDietrich had a practical interest in the outcome of the case, it had no legal interest in the case that would permit it to be a party to the Receivership Action under R.C. 2721.12(A).

{¶13} After the matter was fully briefed, the trial court issued an order dismissing ClarkDietrich. The court agreed with Gardner that ClarkDietrich did not have a legal interest in the Receivership Action, that ClarkDietrich was simply "tagging along," and that ClarkDietrich only had a pecuniary interest. The court found that ClarkDietrich could not "demonstrate any justiciable controversy beyond recovery of damages * * *."

{¶14} ClarkDietrich subsequently moved the court to reconsider its decision, or, alternatively, to amend its order with Civ.R. 54(B) language. ClarkDietrich argued that it was precisely because it was entitled to damages in the Defamation Action that it had a legal interest in the Receivership Action. ClarkDietrich also pointed out several factual issues that it believed the court was mistaken about and which had led the trial court to an incorrect decision.

---

3. Gardner's motion was styled a "renewed" motion. Gardner had moved to dismiss ClarkDietrich on the same grounds prior to the trial court's decision regarding the litigation privilege. In the litigation privilege decision, the trial court did not address the issue of ClarkDietrich's legal interest in the case as it found that the litigation privilege decision was outcome-determinative. Essentially, it deemed the issue moot.

{¶15} In its entry denying the motion for reconsideration, the trial court rejected ClarkDietrich's additional arguments, finding that nothing the court would decide in the Receivership Action would impact ClarkDietrich's right of recovery in the Defamation Action and therefore ClarkDietrich had no "justiciable claims" in the Receivership Action. Additionally, the court noted that in its Receivership Order the court had ordered the Receiver, not ClarkDietrich, to investigate and file claims against CSSA directors. The court did, however, grant ClarkDietrich's request to certify the dismissal order with Civ.R. 54(B) language.

{¶16} ClarkDietrich appealed, asserting two assignments of error.

## II. Law and Analysis

### A. Interested Party Analysis

{¶17} ClarkDietrich's Assignment of Error No. 1 states:

{¶18} THE TRIAL COURT ERRED BY GRANTING THE MOTION TO DISMISS CLARKDIETRICH AS AN INTERESTED PARTY.

{¶19} ClarkDietrich contends that the trial court erred in dismissing ClarkDietrich from the Receivership Action because ClarkDietrich had a legal interest in the Receivership Action and therefore, under the Declaratory Judgment Act, R.C. 2721.12, ClarkDietrich was required to be joined in the Receivership Action. The Receiver agrees.[4] Gardner and Slish argue that ClarkDietrich only possesses a "practical interest" in the outcome of the Receivership Action, that ClarkDietrich does not possess a "legal interest," and therefore is not entitled to participate as an interested party. We will briefly summarize the relevant statute, determine the applicable standard of review, and then analyze the nature of ClarkDietrich's interest.

---

4. Gardner, Slish, and the Receiver have all participated in this appeal and filed briefs. Gardner and Slish filed briefs opposing ClarkDietrich's appeal. The Receiver filed a brief in support of ClarkDietrich's appeal.

### 1. The Statute

**{¶20}** The statute at issue in this case, R.C. 2721.12, is part of Ohio's Declaratory Judgment Act. The statute provides that "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." R.C. 2721.12(A). The absence of an interested and necessary party constitutes a jurisdictional defect precluding a court from properly rendering a declaratory judgment. *Cincinnati v. Whitman*, 44 Ohio St.2d 58, 59 (1975), citing *Zanesville v. Zanesville Canal & Mfg. Co.*, 159 Ohio St. 203 (1953).

**{¶21}** The language of R.C. 2721.12(A) is quite broad, requiring even those who merely "claim" to have "any" interest that would be affected to be made parties. *Id.* Gardner's counsel admitted at oral argument that ClarkDietrich would be an interested party in the Receivership Action if the case were decided on the statutory language alone. Normally, of course, it is our responsibility to decide matters of textual interpretation based on the actual text—the language—of the statute. *State v. Singer*, 50 Ohio St.2d 103, 108 (1977). However, the Ohio Supreme Court interpreted the language in R.C. 2721.12(A) in a more limited fashion in *Rumpke Sanitary Landfill, Inc. v. State*, 128 Ohio St.3d 41, 2010-Ohio-6037. Under the supreme court's interpretation of the statute—which we as a lower court are bound to apply here—only those who are "legally affected" by a potential declaratory judgment are proper parties under R.C. 2721.12(A). *Id.* at ¶ 14. The supreme court further found that a party is "legally affected" by a cause of action if the party "has a legal interest in rights that are the subject matter of the cause of action." *Id.* A "legal interest" is an interest "'recognized by law,'" or an interest that is "'legally protectable,' i.e. protected by law." *Id.*, quoting *Black's Law Dictionary* 886 (9th Ed.2009), and *In re Schmidt*, 25 Ohio St.3d 331, 336 (1986). Thus, the supreme court held that "whether a nonparty is a

necessary party to a declaratory-judgment action depends upon whether that nonparty has a *legally protectable interest in rights that are the subject matter of the action*." (Emphasis added.) *Id.* at ¶ 15.

## 2. Standard of Review

{¶22} As a threshold matter, the parties dispute the applicable standard of review that this court should apply. Gardner and Slish argue that we should review the trial court's decision to dismiss ClarkDietrich as an interested party for an abuse of discretion, but ClarkDietrich and the Receiver argue that we should review the trial court's decision de novo.

{¶23} Gardner cites a decision from this court, *Liberty Twp. v. Woodland View, Inc.*, 12th Dist. Butler No. CA2001-02-038, 2001 WL 938757 (Aug 20, 2001). In that case we applied an abuse of discretion standard of review when reviewing a trial court's decision to deny a Civ.R. 24 motion to intervene in a declaratory judgment action. *Id.* at *1. But that case did not involve any argument that the intervening party was an interested party under R.C. 2721.12(A); we only applied the law regarding appellate review of Civ.R. 24 motions to intervene. *Liberty Twp.* is therefore inapplicable to the case before us, which does not involve a Civ.R. 24 motion to intervene and instead turns on whether ClarkDietrich was properly designated as an interested party under R.C. 2721.12(A).

{¶24} Slish cites two cases for the proposition that an abuse of discretion standard of review applies. First, he cites *GRE Ins. Group v. Intl. EPDM Rubber Roofing Sys., Inc.*, 6th Dist. Lucas No. L-95-306, 1996 WL 354812 (June 28, 1996), for the following proposition of law stated in that case:

> Once the statutory requirements are met, see R.C. 2721.12, the decision by a trial court as to whether to proceed in a declaratory judgment action is a matter of judicial discretion. *Bilyeu v. Motorists Mutual Ins. Co.* (1973), 36 Ohio St.2d 35, 37.

*Id.* at *8. Though *GRE Ins.* was decided by the Sixth District Court of Appeals and is not controlling in this district, the language cited by Slish is persuasive authority that we may consider. Second, Slish cites to the First District Court of Appeals' decision—rather than the Ohio Supreme Court decision mentioned above—in *Rumpke Sanit. Landfill, Inc. v. State*, 184 Ohio App.3d 135, 2009-Ohio-4888, ¶11 (1st Dist.). The First District in that case applied an abuse of discretion standard to the question of whether a party was an interested party that should have been permitted to participate in the lawsuit. *Id.* at ¶ 11. However, in the First District's *Rumpke* decision—also not controlling in this district—the court's analysis solely concerned a motion to intervene under Civ.R. 24; as in *Liberty Township*, the court did not discuss the applicable standard of review with respect to R.C. 2721.12.

**{¶25}** Notably, all three of these cases—*Liberty Twp.*, *GRE Ins.*, and the First District's *Rumpke* decision—were decided *before* the Ohio Supreme Court's decision in *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, the primary case relied on by ClarkDietrich in support of its argument that we should apply a de novo standard of review. In *Arnott*, the Ohio Supreme Court held that "an appellate court reviewing a declaratory-judgment matter should apply an abuse-of-discretion standard in regard to the trial court's holding concerning the appropriateness of the case for declaratory judgment, i.e., the matter's justiciability, and should apply a de novo standard of review in regard to the trial court's determination of legal issues in the case." *Id.* at ¶ 1.

**{¶26}** This appeal does not involve any question of justiciability. Instead, it involves the question of whether ClarkDietrich was an interested party under R.C. 2721.12(A) as interpreted by the Ohio Supreme Court in *Rumpke*. This is a "legal issue[] in the case" beyond the threshold question of justiciability, and thus according to *Arnott* we must apply de novo review. *Arnott* at ¶ 1. There are no facts in dispute; there are no facts to weigh. ClarkDietrich is already involved in the case and so there is no consideration of prejudice.

The issue of whether ClarkDietrich has a "legal interest" as opposed to a "practical interest" in the declaratory judgment action turns on the interpretation of legal authority and concepts. Accordingly, we will follow the broadly worded admonition of the Ohio Supreme Court in *Arnott* and review the trial court's decision de novo.

### 3. Analysis of ClarkDietrich's Interest

{¶27} As explained above, the Ohio Supreme Court has interpreted R.C. 2721.12(A) as providing that a party with a legal interest must be joined in a declaratory judgment action when that party has a legal interest in rights that are the subject matter of the action. *Rumpke*, 2010-Ohio-6037 at ¶ 14. A "legal interest" is an interest "'recognized by law,'" or an interest that is "'legally protectable,' i.e. protected by law." *Id.*, quoting *Black's Law Dictionary* 886 (9th Ed.2009) and *Schmidt*, 25 Ohio St.3d at 336. This standard is not clear on its face, so we turn to the Ohio Supreme Court's relevant precedents applying that standard for guidance.

{¶28} The Ohio Supreme Court in *Rumpke*, applying R.C. 2721.12(A), found that Colerain Township was not a necessary party in a declaratory judgment action in which Rumpke sought a declaration that a statute was enacted in violation of the Ohio Constitution's one-subject rule. *Id.* at ¶ 1-3. The supreme court concluded that while the relevant statute impacted Colerain's zoning power with respect to Rumpke's landfill and could impact Colerain's ongoing litigation with Rumpke, Colerain was not a necessary party because it did not have a "legally protectable interest in the authority of the General Assembly to enact a bill," and the declaratory judgment action concerned only whether the one-subject rule was violated. *Id.* at ¶ 10, 20-21.

{¶29} In *Driscoll v. Austintown Assocs.*, 42 Ohio St.2d 263 (1975), the supreme court examined whether landowners adjacent to a parcel of property owned by a developer were necessary parties to a declaratory judgment action brought by the developer that

challenged the constitutionality of township zoning as it applied to the parcel. *Id.* at 271-73. The court, applying R.C. 2721.12(A), held that while the landowners had a *practical* interest in the outcome of the action (whether the developer would be permitted to construct apartment buildings on the land), the landowners had no *legal* interest in a determination of the constitutionality of the zoning resolution that affected that parcel. *Id.* at 273.

{¶30} In *Whitman*, 44 Ohio St.2d 58, the supreme court examined whether the director of the Ohio Environmental Protection Agency ("EPA") was a necessary party to a declaratory judgment action challenging the constitutionality of R.C. 6111.13, a statute requiring the fluoridation of water supplied to a public water system. *Id.* at 59-60. The court held that the director *was* a necessary party pursuant to R.C. 2721.12(A) because another statute, R.C. 6111.12, imposed "clear duties" on the director to investigate and enforce compliance with R.C. 6111.13 and a holding that R.C. 6111.13 was unconstitutional would remove the director's duties. *Id.* The supreme court further explained that "Properly, when declaratory relief is sought which involves the validity or construction of a statute and affects the powers and duties of public officers, such officers should be made parties to the action or proceeding in which the relief is sought." *Id.* at 61. The court also noted that "in the absence of the Director as a party, the judgment would not terminate the uncertainty or controversy, for the judgment would not prejudice the right of the Director to issue compliance orders or to perform his other duties. The anomalous result would be that the Director would retain the right and duty to order compliance with R.C. 6111.13, and that the object of that order would have the right and duty to disobey it." *Id.* at 60.

{¶31} In *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, the supreme court examined whether several affected communities needed to join the director of the Ohio Department of Natural Resources as a party to a declaratory judgment action concerning whether a city violated the communities' riparian rights by diverting water

from a river. *Id.* at ¶ 98-100. The court held that the director was a necessary party because he or she is charged with the exclusive statutory duty to issue and enforce water diversion permits. *Id.* at ¶ 100.

**{¶32}** Finally, in *Natl. Solid Wastes Mgt. Assn. v. Stark-Tuscarawas-Wayne Joint Solid Waste Mgt. Dist.*, 124 Ohio St.3d 197, 2009-Ohio-6765, the supreme court held that the director of the Ohio EPA was not a necessary party to a declaratory judgment action challenging local rules adopted by a solid-waste-management district because the director had no statutory authority to enforce those rules. *Id.* at ¶ 1-3.

**{¶33}** These cases demonstrate that it is not sufficient for a party that purports to be an interested party under R.C. 2721.12(A) to simply be affected by a potential declaratory judgment. A party must be able to point to some distinct legal right that will or could be affected by the declaration. In *Driscoll*, the landowners had no property rights in the challenged parcels and thus could not demonstrate that distinct legal interest. In *Whitman and Portage Cty.*, the legally interested parties could point to a statutory right that could be affected by the declaration—that is, a state agency director's statutory duty to enforce the agency's rules or permits. In *Natl. Solid Wastes Mgt. Assn.*, the director of the Ohio EPA could point to no such statutory right, so the director was not legally interested.

**{¶34}** Here, Slish cites various cases for the proposition that a judgment creditor like ClarkDietrich has no "legal interest" in its judgment debtor's claims against others."[5] Slish cites *Harsh v. GEICO Gen. Ins. Co.*, S.D.Ohio No. 2:17-cv-00814, 2018 WL 4521934 (Sept. 21, 2018), and *ReliaStar Life Ins. Co. v. MKP Invests. LLC*, S.D.Ohio Nos. 2:09-cv-700, 2:09-cv-707, and 2:09-cv-718, 2013 WL 12099305 (July 11, 2013).

---

5. Slish admits there is a "single, statutory exception for insurance-coverage claims[,]" citing *Indiana Ins. Co. v. Murphy*, 165 Ohio App.3d 812, 2006-Ohio-1264 (3d Dist.) and *Cincinnati Ins. Co. v. Consolidated Equip. Co.*, 2d Dist. Montgomery No. 19390, 2003-Ohio-47. In those cases, a tort claimant with pending claims against an insured was found to have a "legal interest" in a declaratory judgment action between the insured and its insurer.

**{¶35}** In *Harsh*, a judgment debtor (Harsh) sued his insurer (Geico) for various claims. *Harsh* at *2. The judgment creditor (Weaver) sought to intervene. *Id.* In overruling objections to a federal magistrate judge's recommendation that intervention be denied, the United States District Court for the Southern District of Ohio held,

> The magistrate judge correctly determined that as a Judgment Creditor, Weaver is not entitled to intervene either permissively or as of right. First, Weaver lacks a direct and substantial legal interest in this case as he is interested solely in collecting his interest in Harsh's potential recovery and otherwise has "no direct claim against [GEICO]." (ECF No. 12 at 9, n.2.); *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 372 (6th Cir. 2014) ("... an applicant is not due intervention as a matter of right where the applicant seeks only to protect the assets of a party to the litigation in order to ensure that its own contingent claims to those assets remain valuable in the future.") (citing *United States v. Tennessee*, 260 F.3d 587, 595 (6th Cir. 2001) (rejecting as insufficient the proposed intervenor's "economic interest in assuring adequate funding for implementation of the settlement agreements and its contractual rights in agreements") ).

*Id.* at *6.

**{¶36}** *ReliaStar* also involved a judgment creditor seeking intervention in a lawsuit filed by the judgment debtor against a third party. Quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir.2004), the federal district court observed that,

> the impaired ability to collect judgments that may arise from future claims does not give rise to a right of intervention. The underlying reasoning in *Hawaii-Pacific* supports the conclusion that an allegedly impaired ability to collect judgments arising from past claims does not, on its own, support a right to intervention. To hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded. *See Public Serv. Comp, of New Hampshire v. Patch,* 136 F.3d 197, 205 (1st Cir. 1998) (holding that "[i]t is settled beyond peradventure ... that an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right").

*Id.* *6.

{¶37} The *ReliaStar* court, at footnote 2, quoted from Wright & Miller, *Federal Prac. & Proc.*, Section 1908.2 as supporting the proposition that a mere economic interest in the outcome of a lawsuit is insufficient to serve as basis to intervene:

> It has been recognized that interests in property are the most elementary type of right that Rule 24(a) is designed to protect. Thus, many of the cases in which a sufficient interest has been found under amended Rule 24(a)(2) have been cases in which there is a readily identifiable interest in land, or some other form of property, such as intellectual property or personal property. A sufficient interest also has been found when the intervener claims an identifiable interest in funds that are the subject of litigation. For example, insurers have been allowed to intervene as of right in lawsuits between their insured and third parties who either are filing claims against the insured or who are being sued by the insured. It surely is sufficient also if the judgment will have a binding effect on the would-be intervener.

{¶38} *Harsh* and *ReliaStar*—which, again, are not controlling in our district—make a persuasive case that a mere judgment creditor may not be a necessary party in a declaratory judgment action. But, once again, these cases do not concern necessary parties under R.C. 2721.12(A), but instead involve Fed.R.Civ.P 24(a) and (b). The case before us is therefore distinguishable from *Harsh* and *ReliaStar*.

{¶39} Even if *Harsh* and *ReliaStar* applied in the R.C. 2721.12(A) context, we find that ClarkDietrich, in the circumstances of this case, is more than just a common judgment creditor. ClarkDietrich sought the Receiver's appointment for the specific purpose of investigating and bringing a claim against CSSA's board of directors for breach of fiduciary duty to obtain a judgment from which ClarkDietrich's Defamation Action judgment could be satisfied. The court appointed the Receiver for the sole purpose advanced by ClarkDietrich. The Receivership is a statutorily authorized, judicially-created judgment collection vehicle. In the Receivership Order, the trial court found that the Receivership was appropriate and necessary to "carry [ClarkDietrich's] judgment [against CSSA] into effect" and to "dispose of property according to [ClarkDietrich's] judgment, or to preserve it during the pendency of

an appeal"—two of the purposes which R.C. 2735.01(A)(4) and (5) provide may be the bases for a trial court's appointment of a receiver. The court found that appointment of the Receiver was warranted to avoid "irreparable loss or injury" to ClarkDietrich. ClarkDietrich has a legally protectable interest in the Defamation Action judgment that the Receivership was created to carry out. The declaratory judgment sought by the Receiver could affect or impair the ability of the Receivership to fulfill its statutory and court-ordered function with respect to ClarkDietrich. By virtue of the statutes that authorized the Receivership and the court order authorizing the Receivership, ClarkDietrich also has a legal interest in the subject matter of the Receivership Action.

**{¶40}** In this case, the Receiver seeks a declaratory judgment that the directors' rejection of ClarkDietrich's settlement offer was not a valid exercise of the business judgment rule. This issue is tied to the viability of the claims asserted in the Receivership Action. If the business judgment rule applies, it could shield the directors from liability and bar the Receiver's recovery on behalf of CSSA. A decision adverse to the Receiver on whether the business judgment rule applies will have a clear and obvious legal effect on ClarkDietrich's rights to recover on its judgment through the Receivership. Accordingly, we conclude that ClarkDietrich has a legally protectable interest "that would be affected by the declaration." R.C. 2721.12(A); *Rumpke*, 2010-Ohio-6037, at ¶ 15.

**{¶41}** In the many cases cited by the parties in their briefing, none involve the procedural posture presented in this case. ClarkDietrich is not like the property owners in *Driscoll* that were only practically interested, rather than legally interested, in litigation involving an adjoining property. ClarkDietrich is not like the government officials in *Portage Cty.* and *Whitman* who were legally interested in a declaratory judgment that would impact their legal authority to enforce statutes. Nor is ClarkDietrich a common judgment creditor with a mere practical interest in ensuring that funds are available to satisfy the judgment.

This case is different: here, ClarkDietrich requested the creation of the Receivership for the sole purpose of seeking funds to satisfy its judgment; the court, authorized by statute to do so, created the Receivership for that purpose; and the Receivership Order makes clear that the Receivership exists to benefit ClarkDietrich. ClarkDietrich's "interest" in the Receiver's declaratory judgment action is neither "undifferentiated nor generalized" as mentioned in *ReliaStar.* Pursuant to the Receivership Order, ClarkDietrich has the necessary "readily identifiable interest" in the Receiver's claims against CSSA's directors and any resulting judgment. *ReliaStar* at fn. 2, citing *Federal Prac. & Proc.* at Section 1908.2. ClarkDietrich is "legally affected" and therefore has a legal interest that required the Receiver to add it as an interested party when the Receiver initiated the Receivership Action. R.C. 2721.12(A); *Rumpke*, 2010-Ohio-6037 at ¶ 14.

{¶42} Based on the foregoing, we find that the trial court erred by dismissing ClarkDietrich on the basis that it lacked a legal interest in the declaratory judgment action. Accordingly, we sustain ClarkDietrich's first assignment of error.

### B. Motion to Reconsider

{¶43} Assignment of Error No. 2 states:

{¶44} THE TRIAL COURT ERRED BY DENYING CLARKDIETRICH'S MOTION TO RECONSIDER.

{¶45} ClarkDietrich did not separately argue its second assignment of error, but instead argued it in conjunction with the first assignment of error. Regardless, the resolution of the first assignment of renders Assignment of Error No. 2 moot, and we need not address it. App.R. 12(A)(1)(c).

### III. Conclusion

{¶46} ClarkDietrich has a legal interest in the Receivership Action that requires its inclusion as an interested party in that action pursuant to R.C. 2721.12(A).

{¶47} Judgment reversed, cause remanded for further proceedings, and ClarkDietrich is reinstated as an interested party.

M. POWELL, P.J., and S. POWELL, J., concur.